Submitted on briefs December 9, reversed December 21, 1915.

# FRETLAND *v.* CANTRALL.

### (153 Pac. 479.)

**Judgment—Vacation—Mistake—"Discretion."**

1. The discretion accorded the trial judge by Section 103, L. O. L., to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, is a legal discretion, to be exercised in accordance with the spirit of the law and in a manner to subserve, and not defeat, the ends of justice.

**Judgment—Bar—Nonsuit.**

2. Plaintiff failing to appear at the trial, and no good reason for final determination of the cause being shown, the appropriate remedy of defendants, if desiring a judgment, is by nonsuit, as provided in Section 182, subdivision 3, L. O. L., which, by provision of Section 184, does not bar another action for the same cause; and not by judgment for defendant.

**Judgment—Setting Aside—Mistake.**

3. A jury being impaneled when, by mistake or misunderstanding as to date of trial, counsel for plaintiff were absent, and a judgment for defendant, instead of one of nonsuit, being granted, on the mere swearing of a witness, without any evidence being elicited, it was an abuse of discretion not to grant relief therefrom under Section 103, L. O. L.

From Klamath: GEORGE NOLAND, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

This is an action by Mello Fretland against Roscoe E. Cantrall and S. T. Summers for damages. The cause being at issue was set for trial on June 12, 1915. It was reached and called for hearing on June 14th, defendants and their counsel appearing, but neither the plaintiff nor his counsel being present. The court suggested that defendants' counsel ask for a nonsuit, but the latter requested a jury, which was impaneled. The bailiff of the court, being called and sworn as a witness for defendants, stated that he knew nothing about the case. Thereupon counsel insisted on a directed verdict for defendants, which was granted and rendered accordingly, and judgment entered

thereon for costs. On June 18th, Mr. Lionel R. Webster appeared for the plaintiff, and by leave of court filed a motion supported by affidavit for an order relieving Fretland from the judgment rendered against him, and granting a trial for the reason that the same was taken through his mistake, inadvertence and excusable neglect. This motion being denied, plaintiff appealed.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED AND REMANDED.

For appellant there was a brief submitted by *Mr. M. E. Crumpacker* and *Messrs. Emmons & Webster.*

For respondent there was a brief over the name of *Messrs. Rutenic & Kent.*

MR. JUSTICE BEAN delivered the opinion of the court.

It appears from the record that Messrs. Crumpacker & Coovert, of Portland, as attorneys for plaintiff, commenced this action. A cause of action is asserted in the complaint. Defendants did not ask for any affirmative relief. On May 8, 1915, the clerk of the Circuit Court wrote the above-named attorneys that the case was set for trial on June 12, 1915, or as soon thereafter as reached. On May 17th they wrote the clerk in regard to an earlier or later date of trial, and, probably relying upon memory, stated that they were advised that the cause was set for June 15th. The clerk immediately answered, calling attention to the correct date. Early in June, Mr. Crumpacker requested Mr. Webster, of Portland, who was about to visit Klamath Falls, to appear for plaintiff in the cause, which he agreed to do. Mr. Crumpacker was of the impression that the case was set for June 16th,

and so wrote Mr. Webster, asking him to procure a continuance of the case because of the serious illness of the plaintiff which rendered him unable to be present at the trial. Mr. Webster arrived at the county seat of Klamath County and was engaged in a murder trial in the federal court from the 10th to the 18th of June. On the 15th, he learned that the case had been called for trial, the form gone through with, and judgment entered. His affidavit shows that the judgment was entered on account of the mistake and excusable neglect of plaintiff's attorneys, who acted in good faith; that, if the case had been set for trial for June 16th, he would have appeared at that time and made application for a postponement; and that, if that had been denied, he would have taken a voluntary nonsuit for the plaintiff. At the time the cause was called for hearing, the court and counsel for defendants were not aware that anyone interested therein or any attorney who would appear for plaintiff was in Klamath Falls, although counsel for defendants made inquiry of members of the bar to ascertain who would represent him. Defendants' affidavits show that they were prepared for trial at the time set, and that they would be inconvenienced and caused expense if plaintiff were granted a trial. The affidavit on the part of plaintiff is not contradicted, nor is his good faith or that of his counsel in any way impugned.

1. Section 103, L. O. L., provides that the court may in its discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. The discretion accorded to the trial court by virtue of this section of the Code is a legal discretion to be exercised in con-

formity with the spirit of the law and in a manner to subserve and not defeat the ends of justice: *Hanthorn* v. *Oliver,* 32 Or. 57 (51 Pac. 440, 67 Am. St. Rep. 518); *McFarlane* v. *McFarlane,* 45 Or. 362 (77 Pac. 837); *Voorhees* v. *Geiser-Hendryx Inv. Co.,* 52 Or. 602, 605 (98 Pac. 324); *McCoy* v. *Huntley,* 53 Or. 229 (99 Pac. 932).

2, 3. Section 182, L. O. L., is as follows:

"A judgment of nonsuit may be given against the plaintiff as provided in this chapter: (1) On motion of the plaintiff, at any time before trial, unless a counterclaim has been pleaded as a defense; (2) on motion of either party, upon the written consent of the other filed with the clerk; (3) on motion of the defendant, when the action is called for trial, and the plaintiff fails to appear, or when after the trial has begun, and before the final submission of the cause, the plaintiff abandons it, or when upon the trial the plaintiff fails to prove a cause sufficient to be submitted to the jury."

Section 184, L. O. L., provides:

"When a judgment of nonsuit is given, the action is dismissed.; but such judgment shall not have the effect to bar another action for the same cause."

In *Carroll* v. *Grande Ronde Elec. Co.,* 49 Or. 477 (90 Pac. 903), in an action for wrongful death, defendant's motion for a nonsuit, on the ground that deceased was guilty of contributory negligence, was granted; the record entry reciting that the deceased was guilty of contributory negligence which was the proximate cause of the injury. It was held that the judgment was no bar to a subsequent action on the same cause, the only point properly decided being that plaintiff's case, as presented, was not sufficient in law to be submitted to the jury. In *Brown* v. *Lewis,* 50 Or. 358, 363 (92 Pac. 1058), it was held that a motion for nonsuit is the only proceeding open to defendant at the close

of plaintiff's case for insufficiency of the evidence. These cases, while not exactly in point, are somewhat analogous, and indicate the trend of the decisions in this state.

In the present case, when the plaintiff failed to appear at the trial, and no good reason for final determination of the cause was shown, the appropriate remedy of the defendants, if they desired a judgment, was that of nonsuit, as provided in Section 182, subdivision 3, L. O. L. Defendants would have been entitled to such a judgment if it had been requested. We do not hold that the trial court could not under any circumstances, as upon successive nonsuits, or when good cause is shown for the rendition of a verdict, permit one to be rendered and enter judgment. Such a case is not before us. Here, a jury was impaneled when counsel for plaintiff were absent by reason of mistake or misunderstanding as to the date of trial. A witness was sworn, but no evidence elicited. Only the form of a trial was observed. By mistake plaintiff has not been accorded a trial nor "had his day in court." Under all the conditions, we are of the opinion that the trial court erred in the exercise of its discretion in refusing to relieve the plaintiff from the judgment in question. The judgment of the lower court should be reversed and the cause remanded for a new trial.

It is stated by counsel in defendants' brief that, since this appeal was taken, defendant R. E. Cantrall has died; therefore the judgment herein will be held in abeyance for a time awaiting appropriate action in such case.                    REVERSED AND REMANDED.

MR. JUSTICE EAKIN took no part in the consideration of this case.

MR. JUSTICE HARRIS concurs in the result.