Argued September 11, 1968, reversed and remanded January 15, petition for rehearing denied February 11, 1969

## WELLS, *Appellant, v.* WELLS ET AL, *Respondents.*

449 P. 2d 434

*Theodore R. Conn,* Lakeview, argued the cause for appellant. With him on the briefs was James C. Lynch, Lakeview.

*Forrest E. Cooper,* Lakeview, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and O'CONNELL, GOODWIN, DENECKE and MENGLER, Justices.

O'CONNELL, J.

This is a suit in equity which was originally brought by William A. Wells to enforce an alleged contract to make a will by which certain property would be devised to him. The trial court sustained a demurrer to the complaint and entered judgment dismissing the suit. William A. Wells, the then plaintiff, appealed. After the appeal was filed he died and his administratrix was substituted as plaintiff. For convenience we will, however, refer to William A. Wells as plaintiff.

The complaint alleges that plaintiff's parents were the owners of certain property which is described in

the complaint. The complaint then contains the following allegations:

"V.

"That on or about the 8th day of May, 1959, W. A. Wells and defendant Tabitha Wells made and entered into an agreement with plaintiff under and by virtue of the terms of which they agreed that W. A. Wells and Tabitha Wells would make and execute Wills of identical nature, except for the provisions for each other, and under and by virtue of the terms of such Wills, each would leave unto the other a life estate in his real property with the remainder over unto the plaintiff above named, and at the same time and place and as a part of the same transaction W. A. Wells and defendant Tabitha Wells agreed with plaintiff, in consideration of his promise to work and care for said real and personal property during the declining years of defendant Tabitha Wells and W. A. Wells, and the survivor of them, to make plaintiff the remainderman in their reciprocal Wills of defendant Tabitha Wells and W. A. Wells of the previously described real property and certain personal property; and as a part of said agreement, said W. A. Wells and Tabitha Wells agreed to retain title to said real and personal property to be willed to said plaintiff for and during their joint lives and the life of the survivor of them, subject only to the right of said W. A. Wells and Tabitha Wells to sell, lease or encumber the same for the support of themselves and the survivor of them.

"VI.

"That thereafter and pursuant to said agreement and on the 8th day of August, 1959, defendant Tabitha Wells and W. A. Wells, her husband, made, published and declared their Last Will and Testament; a full, true and correct copy of the Will of the said W. A. Wells is hereto attached, marked Exhibit A and hereby referred to and by this reference made a part hereof; that Tabitha Wells made,

executed and published on said date a Will identical in terms to that of the said W. A. Wells, except that by the third paragraph thereof the said Tabitha Wells did give, devise and bequeath a life estate in her residual estate unto the said W. A. Wells in identical language contained in the third paragraph of the Will of W. A. Wells and that the two Wills are identical in all things and particulars except for such bequest of a life estate and contained the provision for the remainder-over in said real property and farm machinery to the plaintiff above named."

The will of W. A. Wells incorporated into the complaint by reference provided in part as follows:

"THIRD: I hereby give, devise and bequeath the rest, residue and remainder of my property of whatever nature or kind whatsoever, whether real, personal or mixed to my beloved wife Tabitha Wells, to have and to hold and to enjoy the use thereof, to sell, lease, mortgage, pledge or otherwise hypothecate during her natural life or as long as she remains my widow and after her death or remarriage the remainder thereof, if any, to be divided among my children as follows, to-wit:

"A. To my son Bill Wells all of my real property and farm machinery."

It is further alleged that plaintiff worked on the farm until his father's death and that after his father's death he stood ready to continue to perform his agreement but that his mother, Tabitha Wells, breached the contract by conveying a part of the property to some of the defendants by entering into a contract to sell a part of the property to other defendants, and by distributing the proceeds of the sale to the defendants.

The trial court interpreted the complaint as alleging in substance an agreement by plaintiff's parents to execute reciprocal wills making plaintiff the re-

mainderman of their respective interests in the property owned by them and to retain title to the described property subject to their right to "sell, lease and encumber the same for the support of themselves and the survivor of them." But the trial court concluded that the complaint did not allege facts constituting a breach of the contract. The reasoning in support of this conclusion is stated in the following excerpt from the trial court's memorandum opinion:

"As part of the 'agreement' of May 8, 1959, plaintiff alleges both his father and mother executed on August 8, 1959, reciprocal wills with identical provisions. A copy of the Last Will & Testament of W. A. Wells is then incorporated as part of the Amended Complaint. Because plaintiff alleges that these Wills of his mother and father were made pursuant to the alleged 'agreement' of May 8, 1959, the provisions of said Wills must be taken to be part of the 'agreement' of May 8, 1959, and plaintiff is bound by such provisions. Therefore plaintiff's interpretation of the legal effect of the provisions of the Wills of his mother and father is merely a conclusion of law and must yield to the actual provisions of the Wills if inconsistent. * * *"

The trial court then pointed out that the will of W. A. Wells, incorporated by reference into the complaint, gave Tabitha Wells full power to dispose of the property without any limitation. This provision of the will, having been alleged to be a part of the agreement, must, the court said, "take precedence over any legal interpretation placed on such provision by the plaintiff."

■ We cannot agree with this construction of the complaint. We do not regard the allegation that the will was made "pursuant to said agreement" as an alle-

gation that the *contents* of the will conformed with the agreement of the parties. It is, rather, merely an allegation that plaintiff's parents agreed to draft reciprocal wills and that they did so, nothing being alleged as to whether the will was drawn as it should have been. In summary, then, the complaint alleges, in effect, that plaintiff promised to care for the property of his parents in their declining years in consideration for which his parents agreed to execute reciprocal wills and to retain title to all the described property subject only to the right to sell, lease or encumber the property for their support. It is further alleged that the agreement was breached by the transfer of the property to third persons. The prayer for relief seeks various forms of equitable relief against Tabitha Wells and her transferees. The complaint so construed states a cause of suit.

The trial court also held that even if the complaint were treated as alleging a contract under which Tabitha Wells agreed to retain title to all the property except that necessary for her support, the disposition of the property alleged to have been made by her may have been for her support and since the complaint does not contain an allegation to the contrary there is no allegation of breach of the alleged contract.

The complaint does allege that Tabitha Wells violated the alleged contract by disposing by way of gift of the proceeds from the sale of a part of the property. We think that this is a sufficient allegation of a breach of the contract.

The trial court finally held that even if the complaint could be construed as stating a cause of action, it was apparent from the complaint that plaintiff had an adequate remedy at law. We cannot agree. The evidence may reveal that plaintiff's only available

remedy is to trace the proceeds from the sale of the property into the hands of the donees upon whom a constructive trust could be imposed.

■■ After the present appeal was filed defendants moved to dismiss the appeal. They argued that because William A. Wells, now deceased, could not specifically perform his promise, plaintiff was not entitled to a decree of specific performance, there being no mutuality of obligation. There is authority for the view that under proper circumstances specific performance of a contract to convey property in consideration of supporting the owner will be granted against the surviving owner-promissor.[1] But even assuming that specific performance is not available, the evidence may establish that William A. Wells' estate is entitled to the reasonable value of his services.[2]

The decree of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

---

[1] Annot., Remedies during promisor's lifetime on contract to convey or will property at death in consideration of support or services, 7 ALR2d 1166, 1187 (1949).

[2] Id. at 1197. It is within the power of an equity court, once jurisdiction is established, to grant relief normally obtainable in a court of law. Ruby v. West Coast Lumber Co., 139 Or 388, 393, 10 P2d 358 (1932).