Argued July 23, affirmed November 5, petition for rehearing
denied November 23, 1971, petition for review
allowed January 18, 1972

IN THE MATTER OF THE ESTATE OF BILL A. WELLS,
DECEASED.

WELLS, ADMINISTRATRIX, *Appellant, v.*
WELLS ET AL, *Respondents.*
490 P2d 213

*Theodore R. Conn,* Lakeview, argued the cause for appellant. With him on the briefs were Conn & Lynch, Lakeview.

*Forrest E. Cooper,* Lakeview, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

Petitioner had served as the administratrix of the estate of Bill A. Wells, her deceased husband. At the conclusion of the probate proceedings she obtained an order, on April 21, 1970, closing the estate and discharging her as administratrix. Nearly a year later she filed this petition in which she

"* * * prays for an order nunc pro tunc correcting said order of April 21, 1970, by merely ap-

proving the account theretofore filed therein and continuing said administratrix in her official position in order to complete to final conclusion * * *"

a pending lawsuit in which pursuant to an order of the Supreme Court she had been substituted in that court as party plaintiff for Bill A. Wells following his death. The trial court denied the petition, and she appeals.

In her brief, appellant assigns as sole error that the probate court

"* * * erred in refusing to amend its order of April 21, 1970, by deleting the portion thereof discharging said administratrix."

Appellant relies upon ORS 18.160:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Appellant states in her brief:

"* * * that such matters as closing orders and orders approving an accounting are routine matters, largely handled by the secretarial staff of a law firm, and are routinely signed by probate judges and therefore understandably subject to an error of the type that occurred here. That is, the entering of the wrong order without either counsel or court catching the error."

We think that the responsibility for "catching the error" of an attorney in *ex parte* matters is placed not upon the court, but upon the responsible attorney.

Under certain circumstances, relief from errors may be available under ORS 18.160. The scope

of this statute is limited by its terms. Even though its provisions are of a remedial nature and are to be accorded a liberal construction, *Peters v. Dietrich,* 145 Or 589, 594, 27 P2d 1015 (1934); *Fildew v. Milner,* 57 Or 16, 109 P 1092 (1910), its applicability to the instant situation is doubtful, for it would seem to go beyond liberal construction to say that the order of April 21, 1970, which appellant herself affirmatively sought and obtained *ex parte* and from which she now seeks relief, was "taken *against* him through his mistake, inadvertence * * * or excusable neglect." ORS 18.160. (Emphasis supplied.) This question, however, need not be decided, for, assuming *arguendo* that the statute applies, appellant's relief is within the discretion of the trial court. Its action in refusing to set aside a decree or order will not be reviewed except for a manifest abuse of discretion. *Peake v. Peake,* 242 Or 386, 389, 408 P2d 206 (1965); *King v. Mitchell,* 188 Or 434, 448, 214 P2d 993, 216 P2d 269, 16 ALR2d 1128 (1950). This rule was so applied by the Supreme Court concerning an order of a probate court in *In re Marks' Estate,* 81 Or 632, 160 P 540 (1916). The court said:

> "It will be observed that relief under this section is explicitly referred to the discretion of the court, and it has been constantly held that orders made in the exercise of this prerogative are not reviewable on appeal except for abuse of the power. The record before us does not disclose any such situation. Hence, so far as relates to Section 103, L.O.L., the matter of the vacation of the order may be dismissed without further attention; it not being an appealable order." 81 Or at 636.

We cannot say there was here a manifest abuse of discretion.

We note that appellant in her brief states, "this

application to amend is made under [ORS] 18.160, not Section 116.233." Accordingly, we do not consider the applicability of the latter section to the facts of this case.

Affirmed.