Petition for review allowed January 18, affirmed April 26, 1972

In the Matter of the Estate of Bill A. Wells, Deceased.

WELLS, *Petitioner, v.* WELLS et al, *Respondents.*
496 P2d 718

*Theodore R. Conn,* Lakeview, argued the cause for petitioner. With him on the briefs were Conn & Lynch, Lakeview.

*Forrest E. Cooper,* Lakeview, argued the cause and filed the brief for respondents.

TONGUE, J.

The sole issue in this case is whether the trial court erred in refusing to set aside an order closing an estate, discharging the administratrix and exonerating her bond. The Court of Appeals affirmed the trial court (7 Or App 243, 490 P2d 213 (1971)). We granted a petition for review.

The petition to set aside that order alleges, in substance, that Bill A. Wells, during his lifetime filed a "certain suit" and then died while it was pending appeal in this court; that the court then substituted the administratrix of his estate as the appellant in that case and later remanded the case for further action, after which the defendants filed an answer and a cross-complaint for an accounting.

The petition also alleges that by "inadvertence" of counsel, during the pending of that suit, an order was taken discharging the administratrix. The only explanation for such "inadvertence" according to the one-page affidavit of counsel filed in support of that petition, was:

> "That when the order of April 21, 1970, was prepared it was my intention that the same only approve the accounting then filed by said administratrix and that she be permitted to continue to act and to complete the litigation pending in Case No. 7074. That by inadvertence the usual order of dis-

charge was made in my office and entered by the Court without my personal knowledge."

The petition goes on to allege that although it was the intent of the administratrix to continue the other lawsuit, it has since been dismissed by the trial court with prejudice; that an appeal from that dismissal is now pending in this court, and that at the time of filing the petition one year had not elapsed since the entry of the order closing the estate and discharging the administratrix. The petition "prays for an order nunc pro tunc correcting said order * * * by merely approving the account * * * and continuing said administratrix in her official position in order to complete to final conclusion the litigation" in the other case.

In appealing to the Court of Appeals from the refusal of the trial court to "correct" that previous order petitioner contended, as he had before the trial court, that he was entitled to such relief under the following terms of ORS 18.160:

"*Relief from judgment, decree, order or other proceeding.* The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding *taken against him* through his mistake, inadvertence, surprise or excusable neglect." (Emphasis added)

Petitioner also stated that "this application to amend is made under [ORS] 18.160, *not Section 116.233,*" of the probate code, as adopted in 1969, and which provides as follows:

"*Reopening estate of decedent.* Upon the petition of any interested person, the court, with such notice as it may prescribe, may order the estate of

a decedent reopened if other property is discovered, if any necessary act remains unperformed *or for any other proper cause appearing to the court.* The court may reappoint the former personal representative, or appoint another personal representative, to administer any additional property or to perform such other acts as are considered necessary. The provisions of law as to original administration apply, in so far as applicable, to accomplish the purpose for which the estate is reopened, but *a claim that already is adjudicated or barred may not be asserted in the reopened administration.* [1969 c. 591 § 190]" (Emphasis added)

The Court of Appeals, in affirming the trial court, held, in referring to ORS 18.160, that:

"* * * its applicability to the instant situation is doubtful, for it would seem to go beyond liberal construction to say that the order of April 21, 1970, which appellant herself affirmatively sought and obtained *ex parte* and from which she now seeks relief, was 'taken *against* him through his mistake, inadvertence * * * or excusable neglect.' ORS 18.160. This question, however, need not be decided, for, assuming *arguendo,* that the statute applies, appellant's relief is within the discretion of the trial court. Its action in refusing to set aside a decree or order will not be reviewed except for a manifest abuse of discretion. * * *" (Emphasis added)

After holding that "we cannot say here there was a manifest abuse of discretion," the Court of Appeals went on to say that:

"We note that appellant in her brief states, 'this application to amend is made under [ORS] 18.160, not Section 116.233.' Accordingly, we do not consider the applicability of the latter section to the facts of this case."

Petitioner then filed a petition for rehearing in

the Court of Appeals, in which it was contended that because this court had held that the complaint in the other case stated a good cause of action and because that case was also pending a further appeal to this court, "the rights of the parties should be finally judiciously determined on the merits." That petition for rehearing was denied.

A petition for review was then filed in this court, contending that "where, by mistake of counsel, plaintiff has not been accorded a trial nor 'had his day in court,' the trial court erred in the exercise of its discretion in refusing to relieve the plaintiff from the judgment in question," citing *Fretland v. Cantrall,* 78 Or 439, 443, 153 P 479 (1915), and *Astoria Savings Bank v. Normand et al,* 125 Or 347, 355, 267 P 524 (1928). That petition for review was granted by this court.

In granting the petition for review this court instructed its clerk to write to counsel as follows:

"The Court requests that Mr. Conn file a supplemental brief stating if his position is supported by ORS 116.233 and also whether the Probate Court had an inherent power apart from any statute to reopen the estate and continue Anna Wells as administratrix."

In responding to that request, counsel filed a further brief on the question of "* * * the inherent right of the probate court to set aside an order settling and allowing a final account and to permit the Administratrix to pursue legal remedies seeking the collection of assets of an estate." That brief cites two cases, *Livesley v. Pioneer Trust Co.,* 170 Or 613, 135 P2d 777 (1943), and *Hughes v. Aetna Casualty Co.,* 234 Or 426, 383 P2d 55 (1963). The only reference in

petitioner's brief to ORS 116.233 is to say that it is a "* * * codification of the right to reopen previously closed estates * * *" and was "* * * enacted undoubtedly as the result of the decision(s)" of this court in *Livesley* and *Hughes*.

In oral argument before this court counsel for petitioner contended that under either ORS 18.160 or 116.233 the trial court had power to and should have set aside its previous order closing the estate and discharging the administratrix, in order that the administratrix might then be able to continue the litigation of the other case to a final conclusion. He candidly admitted, however, his motion to set aside that order was based upon ORS 18.160. He also frankly conceded that under either statute it is a matter within the discretion of the trial court whether or not to set aside the previous order, although contending that in this case the trial judge should be reversed for abuse of that discretion.

In considering petitions for review from decisions by the Court of Appeals, this court is bound by the following provisions of ORS 2.520(5):

"After the Supreme Court allows a petition for review, such further proceedings shall be had as the Supreme Court by rule may provide. However, review by the Supreme Court is limited to those *errors asserted in the petition for rehearing* in the Court of Appeals, unless the Supreme Court shall take notice of *plain error* apparent on the face of the record." (Emphasis added)

Both *Fretland v. Cantrall, supra,* and *Astoria Savings Bank v. Normand et al, supra,* as relied upon by petitioner in support of her petition for review, were cases in which relief was granted under the terms of what is now ORS 18.160 from judgments taken

against the appellants in those cases upon a showing of "mistake, inadvertence, surprise or excusable neglect." As stated by petitioner, those were cases in which this court took note of the fact that "by mistake plaintiff has not been accorded a trial nor 'had his day in court.'" However, those cases did not involve the setting aside of orders tendered, ex parte, by the party seeking relief and did not hold that the existence of another pending case was of itself sufficient as a basis for relief under that statute. Thus, the first question to be decided is whether ORS 18.160 provides a basis for relief to the petitioner in this case.

■ We hold, as suggested, but not decided, by the Court of Appeals, that ORS 18.160 has no application to this case because the order closing the estate and discharging the administratrix was not an order taken "against" the administratrix, so as to fall within the terms of that statute. On the contrary, that order was taken at the request of the administratrix and her attorney. Thus, any relief to petitioner in this case must be either under the terms of ORS 116.233 or under the inherent power of the court.

■ We do not disagree with petitioner's contention that ORS 116.233 may have been adopted in 1969 as the result of the decisions of this court in *Hughes* and *Livesley* and as "a codification of the right to reopen previously closed estates." The trial court may also have the inherent right to set aside any previous order, judgment or demurrer upon a sufficient showing of either "mistake, inadvertence, surprise or excusable neglect" or "any other proper cause" aside from the provisions of either ORS 18.160 or 116.233. As conceded by petitioner, however, any such "right" is one which is subject to the sound discretion of the trial court.

It thus becomes necessary to consider all of the facts and circumstances of this case in order that we may properly determine whether or not the trial judge abused his discretion in this case. Also, since this requires consideration of a contention not made by petitioner in her original petition and not clearly raised (if at all) in her petition for rehearing before the Court of Appeals, we must also decide whether the action of the trial judge in refusing to set aside or "correct" its previous order was "plain error."

■ After careful consideration of the entire record in this case, we hold that the trial court did not abuse its discretion in denying petitioner's motion to reopen the estate and that, in any event, its refusal to do so was not such "plain error," as to make it proper for this court to take notice of any such error under ORS 2.520(5).

In so holding we are impressed with the fact that this was not a case in which the order closing the estate and discharging the administratrix can properly be viewed in the same light as either the entry of a default judgment against a defendant or as an isolated instance of a single order entered in a probate case through the inadvertence of an attorney who left the preparation of routine orders in probate cases to his secretary, as suggested by counsel in this case.

On the contrary, it appears that prior to the preparation and entry of the order to close the estate and to discharge the administratrix and exonerate her bond steps were taken to close that estate, in addition to the final closing order, as the 12th step. These 12 steps, according to respondent's brief (and without contradiction by petitioner) were as follows:

"(1) Final Account dated January 13, 1970 and

filed that date wherein it is recited by appellant that she had fully probated her husband's estate. (Ab. P 19 to 24, inclusive). Recital is made therein that the estate has been fully probated and she and her attorney paid in full for their services.

"(2) Certificate of release of all income tax claims executed by the Department of Revenue and filed with the clerk of the court. (Ab. P 25 and 26).

"(3) Order Probate Court fixing time for hearing on Final Account. (Ab. P 27 and 28).

"(4) Affidavit of T. R. Conn, attorney, of the mailing of notice *by him* to each of the three heirs, including appellant, of a copy of the Final Account, and of notice of hearing thereon to them and to each of them on January 15, 1970. (Ab. P 29).

"(5) Filing inheritance tax receipt executed by the Department of Revenue covering the entire estate dated February 4, 1970. (Ab. P 30).

"(6) Affidavit of publication of Lake County Examiner of time and place of hearing thereon. (Ab. P 31). This document was published four times in the Lake County Examiner and was a notice to the world including the appellant and her attorney as to what was going on.

"(7) Copy of affidavit of publication of notice of hearing on Final Account, as published. (Ab. P 37).

"(8) 'Order approving Final Account and ordering distribution' dated March 30, 1970. (Ab. P 33).

"(9) Distributive receipt 'of all of my share of the Estate of Bill Wells, from Anna Louise Wells, administratrix of the Estate of Bill Wells.' Dated April 2, 1970 signed by Sherry Wells. (Ab. P 34).

"(10) Distributive receipt 'of all my share of the Estate of Bill Wells, from Anna Louise Wells, administratrix of the Estate of Bill Wells.' Dated April 2, 1970 signed by Steven Wells. (Ab. P 35).

"(11) Distributive receipt 'of all my share of

the Estate of Bill Wells, from Anna Louise Wells, administratrix of the Estate of Bill Wells.' Dated April 2, 1970 signed by *Anna Louise Wells*. (Ab. P 36).

"(12) A copy of Order closing estate and discharging appellant and her surety. Dated April 21, 1970. (Ab. P 37)."

Respondents then contend as follows:

"This court, like the two that have previously ruled in this case, is now being asked to find that appellant and her attorney never intended the legal and factual consequences of any of the foregoing 12 steps as reported by said documents in the probate file; they claim they made these twelve consecutive mistakes and should be relieved from all of them. * * *

"Appellant and her attorney in their affidavits have left unanswered this question; did not the appellant and her attorney know that they had closed the estate on April 21, 1970? * * *"

We recognize petitioner's contention that by the order of April 21, 1970, she only intended to have the court approve her accounting and not to discharge her as administratrix. However, a previous order had already been entered approving the accounting and, as pointed out by respondent, the entry of the order on April 21, 1970, was the culmination of twelve separate steps, over a period of over two months, to close this estate.

Under these facts, we hold that it was neither an abuse of discretion nor "plain error" for the trial judge to decline to reopen the estate in order that the administratrix might pursue the other lawsuit.

The first appeal in that case was decided by this court on January 15, 1969, remanding the case for

further proceedings. See *Wells v. Wells*, 252 Or 400, 449 P2d 434 (1969). Except for the subsequent filing by defendants in that case of an answer and a cross-complaint for an accounting on March 3, 1970, nothing had been done by either party to bring that case to trial. On the contrary, within a few weeks after defendants filed their answer and counterclaim, petitioner closed the estate, distributed the assets, and took an order discharging herself as administratrix and exonerating her bond. Moreover, after the entry on April 21, 1970, of the order closing the estate petitioner took no steps to prosecute the other lawsuit until after the trial court, on January 8, 1971, dismissed that suit on motion of the defendants. It was not until on or about February 18, 1971, that petitioner filed a motion to "correct" the order of April 21, 1970.

Thus, the trial court could most reasonably draw the inference from all of these facts that when, on April 21, 1970, petitioner took an order closing the estate and discharging the administratrix, neither she, nor her attorney did so by "inadvertence," but that both the administratrix and her attorney knew that the estate was to be closed and the administratrix discharged and intended to do so.

Other practical considerations support the same result. The lawsuit, which petitioner would reopen, involves not only a claim by the administratrix, but a cross-complaint against the administratrix for an accounting. In the course of closing the estate its assets, appraised at $36,339.89, were fully disbursed and distributed and receipts were filed from the heirs acknowledging the receipt of all amounts due to them. In asking that the order closing the estate be set aside, no tender back was made of any of the previous assets of the estate and no undertaking was tendered under

which the defendants in the other case might seek recovery, if successful in the prosecution of their cross-complaint against the administratrix.

Furthermore, since the complaint in the other case had been dismissed on January 8, 1971, petitioner's motion to set aside the closing order of April 21, 1970, which was not filed until February 18, 1971, sought a *nunc pro tunc* order to "correct" the order of April 21, 1970, so as to reopen the estate retroactively, in order to reinstate the administratrix as of a date prior to the dismissal of the other case.[1]

We do not hold that some arrangements might possibly have been made to surmount these difficulties. We do hold, however, that under all of the facts and circumstances of this case, the trial court did not abuse its discretion and was not guilty of "plain error" in denying petitioner's motion to "correct" its previous order closing the estate and discharging the administratrix.

The dissenting opinion by O'CONNELL, C.J., recognizes that even if ORS 18.160 is applicable in such a case, it is still within the discretion of the trial judge whether or not to set aside such a previous order. The dissent then mentions some facts from which an inference might have been drawn to support the conclusion of "inadvertence" and complains that "there is no indication from the record why the trial court denied petitioner's motion" or whether undue delay was one of the grounds for its action.

---

[1] Respondents also contend that ORS 116.233 expressly prohibits the reopening of an estate to consider "a claim that already is adjudicated or barred," and thus forbids the reopening of this estate to permit the litigation of a suit that was dismissed with prejudice, even though an appeal is still pending from that order.

■ In our view, however, while some trial judges might have drawn different inferences, there were ample facts of record to support the denial by this trial judge of petitioner's motion to reopen this estate, particularly after a delay of so many months. Moreover, the reopening of the estate was not only a discretionary matter, but it was the burden of the petitioner to demonstrate that the reason for the order closing the estate was the "inadvertence" of his counsel. The credibility of the testimony offered by the petitioner in support of that contention was for the trial judge to determine.

■■ As for the reasons for the decision by the trial judge, his letter states that he was not convinced that there was "any valid and legal reason for reopening the estate *at this time.*" The words "at this time" strongly suggest that the long delay was one of the reasons for the decision by the trial court. Moreover, the trial judge was not required to state reasons for holding, in effect, that the petitioner had failed to sustain his burden of proving by satisfactory and credible evidence that the reason for the order closing the estate was the "inadvertence" of counsel. When a trial judge decides a matter that is committed to the exercise of his judicial discretion, it is seldom that the record will show the reasons for his decision, even though such a record might be helpful to appellate courts.

For all of these reasons we affirm the order of the trial judge and the decision of the Court of Appeals.

O'CONNELL, C.J., dissenting.

I would construe ORS 18.160 as being available to the petitioner in this case. Although the statute is written in terms of "a judgment, decree, order or pro-

ceeding *taken against* the person seeking relief under the statute, it seems to me to be a very narrow construction to limit it to the situation where the court's action in entering the judgment, decree or order was at the request of a third person. I can think of no reason which would have prompted the legislature to bar relief simply because the person seeking relief rather than a third person caused the judgment, decree or order to be entered. Moreover, I think that in the absence of a statute to the contrary, the trial court would have the power incident to its judicial function to grant relief where the judgment, decree or order was entered as a result of the mistake, inadvertence or surprise of the person seeking relief.

The majority opinion holds that even if the court had power to grant the relief prayed for by the petitioner, it was within the court's discretion to grant or deny relief and that there was no showing that there was an abuse of discretion. In support of the trial court's action, the majority opinion treats the entry of the order on April 21, 1970 as "the culmination of twelve separate steps, over a period of two months, to close the estate." It appears to me that the petitioner might well have taken the first eleven steps and yet have intended to postpone the closing of the estate until he had completed the litigation pending in Case No. 7074.

The majority also holds that the trial court could reasonably draw the inference that petitioner intended to close the estate. I would regard that as an inference founded upon conjecture and certainly contrary to the normal course of action to be expected from one who has a lawsuit pending which can be kept alive only if the estate is left open.

The majority further speculates as to the possible harm which the defendants in the other lawsuit might suffer as a result of permitting that suit to continue. The same problem would face those defendants if petitioner had not closed the estate. Whether an adequate undertaking could be provided in the other proceeding should be a matter to be disposed of in that proceeding, not in the present case.

I realize that the trial court must be given a certain leeway in passing upon a motion for relief from inadvertent action. The difficulty in the present case is that there is no indication from the record why the trial court denied petitioner's motion. Moreover, there is nothing to indicate that the trial court had reasons for denying the motion. It is argued that the trial judge might have denied the motion because he felt that petitioner had not taken prompt action in bringing the other litigation to a conclusion.

However, there may well have been good reasons for the delay. And it would appear from the trial court's letter opinion giving the reasons for denying petitioner's request for relief that delay was not one of the grounds for the court's action.[1]

---

[1] The trial court's letter opinion reads as follows:

"Gentlemen:

"Please find enclosed a copy of my order denying the 'Petition to Correct Order' filed on behalf of Louise A. Tracy. The court is of the opinion that there are several reasons the petition should be denied among which is the fact that neither the petition nor any written or oral argument have convinced the court that there is any valid and legal reason for reopening the estate at this time. If the court is wrong in this then perhaps my order denying the petition should be appealed along with any other appeal so that the appellate court might decide whether there is any valid or legal reason for reopening the estate.

If petitioner had been guilty of undue delay, the trial court can dismiss the other action on defendants' motion in that lawsuit. I can see nothing in the present proceeding which would constitute grounds for denying the relief sought by the petitioner.

HOWELL, J., concurring in result.

I am constrained to concur in the result reached by the majority in this case. I do not agree, however, with the conclusion of the majority that the provisions of ORS 18.160 are not available to the petitioner. In this respect, my reasons would be the same as those expressed by O'CONNELL, C.J., in his dissent. Neither do I agree with the statement in the majority opinion that the trial court could have inferred that petitioner actually intended to close the estate. I accept completely the petitioner's statement that the estate

"In any event it would appear to the court that there is no inherent power in the court to grant such a petition by entering an order nunc pro tunc unless the mistake were that of the court itself, which it wasn't. Any reopening would have to be done by authority of ORS 116.233 which would make such a reopening as of this date and not as of April 21, 1970. That statute requires that before the court exercised its discretion in reopening the estate that other property must be shown to have been discovered and probate or some necessary act remain unperformed or any 'proper cause appearing to the court.' No new property having been claimed to have been discovered, no unnecessary act remaining to be performed having been alleged and the court not being convinced that there is any other 'proper cause' for such a reopening, it became necessary for the court to deny such a petition even if it were construed to be a petition to reopen the estate rather than as alleged by the petition asking for a previous order to be corrected.

"It is also the opinion of the court that the ending provision of ORS 116.233 barring a reopening as to a claim already 'adjudicated or barred' may well be applicable also in this case.

"In any event for the various reasons given the court is denying petition."

was closed as a result of a clerical error. There would be absolutely no reason for petitioner to close the estate while the other litigation was unresolved.

In his motion to set aside the order closing the estate, the petitioner relied on ORS 18.160 but requested that the order be entered nunc pro tunc as of the date the estate was closed. As I read the letter opinion of the trial judge, he did not believe that he had authority to enter such an order nunc pro tunc.[1] I agree.

"The office of a nunc pro tunc entry is to make a record of what was previously done, but not then entered; not to make an order now for then, but to enter now for then an order previously made." *Klein v. Southern Pacific Co.*, 140 F 213 (CC Or 1905). It is the purpose of a nunc pro tunc order to supply an omission in the record of action actually taken but omitted from the record through inadvertence or mistake, or to enter an order which should have been made as a matter of course and as a legal duty. *Cranston v. Stanfield et al*, 123 Or 314, 319, 261 P 52 (1927). *See also Turlay v. Farmers Insurance Exch.*, 259 Or 612, 488 P2d 406 (1972).

In the instant case it was not a question of supplying an omission in the record of action actually taken by the court or making a record now of action taken previously. Petitioner was requesting the court to change an order which, for all intents and purposes, was a valid order at the time it was entered by the court.

---

[1] The court stated:

"In any event it would appear to the court that there is no inherent power in the court to grant such a petition by entering an order nunc pro tunc unless the mistake were that of the court itself, which it wasn't. * * *"

The majority opinion affirms the trial court for the reason that the petitioner has not shown an abuse of discretion by the trial judge in denying the motion to set aside the order closing the estate. I reluctantly reach the same result, but would affirm on the ground that the trial court did not have authority to enter an order nunc pro tunc setting aside the original order closing the estate.

McALLISTER, J., joins in this opinion.