LARSEN et ux, *Respondents,*

*v.*

CREDIT BUREAU, INC. OF GEORGIA, *Appellant.*

(No. 90668, SC 24729)

568 P2d 657

Graham M. Hicks, Portland, argued the cause for appellant. With him on the briefs were Frederic A. Yerke, and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Roger L. Hill, Tigard, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOWELL, J.

## HOWELL, J.

Plaintiffs filed this action against the defendants alleging an abuse of process. The defendant credit bureau (CBI) appeals from a judgment based on a jury verdict awarding both general and punitive damages. Defendant Standard Oil Company was granted an involuntary nonsuit and is not involved in this appeal.

The facts are not generally disputed.

Plaintiff Robert Larsen owed $512.88 to Standard Oil for credit purchases. In July, 1972, Standard Oil, finding itself unable to collect the account, assigned it to CBI, which filed an action in district court to collect the debt. Larsen was served but did not appear. However, before a default judgment was entered, Larsen and CBI's agent began negotiations for a settlement. Larsen and the agent discussed a settlement for $400. The agent gave Larsen until November 22, 1974, to pay the $400. On November 21, Mrs. Larsen mailed CBI a check for $350 with a note that if it was not accepted by CBI the check would be sent to Standard Oil. CBI rejected the check and advised Larsen that it intended to secure a default judgment. When Larsen then told CBI he was going to send the check to Standard Oil, he was advised that any payment should be made to CBI and not to Standard Oil. However, Larsen did send the check to Standard Oil with a notation on the check that it constituted payment in full. The check was processed by Standard Oil, but apparently neither Standard Oil's collection department nor CBI was notified of its receipt. In December, 1974, a default judgment was entered against Larsen for $512.88, and an execution and garnishment was issued. The garnishment resulted in the collection of $186.42 from Larsen's bank account. Larsen then notified CBI of the $350 payment to Standard Oil, and, when CBI confirmed that payment with Standard Oil, the garnisheed funds were returned to Larsen and the judgment satisfied.

Defendant CBI's primary contention on appeal is

that the trial court erred in denying its motions for a summary judgment and a directed verdict against plaintiff. We agree, and we reverse.

■ Abuse of process is "the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause." *Kelly v. McBarron,* 258 Or 149, 154, 482 P2d 187 (1971). Dean Prosser has identified the essential elements of the tort as follows:

> "* * * [F]irst, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. * * *" Prosser, Law of Torts 857, § 121 (1971). (Footnotes omitted.)

■ In the instant case there was simply no evidence that CBI had an ulterior purpose in securing the default judgment or that it took any action in an attempt to obtain a collateral advantage over plaintiff. Plaintiff originally owed a valid obligation to Standard Oil. The debt was assigned to CBI, which had authority to make the collection, and plaintiff rejected CBI's offer to settle for $400. There is no evidence that CBI had actual knowledge that Standard Oil had accepted the plaintiff's check for $350 at the time that CBI secured the default judgment and garnishment. The fact that CBI's agent became angry when plaintiff offered to settle for less than $400 and threatened to enter a default judgment for the full sum if the $400 was not paid does not indicate an ulterior purpose. CBI was merely telling plaintiff what it was entitled to do as a matter of law and was not seeking a collateral advantage. Clearly, an attempt to settle a debt in the

course of an action to collect the full amount is not improper.

In our view, except for the mistake which occurred when plaintiff paid and Standard Oil accepted the $350 without the knowledge of CBI, there is nothing unusual about this case. CBI, in attempting to settle the account and collect the debt, was merely following proper procedures common to all collections. Therefore, we conclude that plaintiffs failed to establish their cause of action for abuse of process and that the defendant was entitled to a directed verdict.

Reversed and remanded with directions to enter a judgment for defendant.