Argued and submitted December 10, 1979,
affirmed March 17, reconsideration denied May 8,
petition for review denied July 2, 1980 (289 Or 337)

# JOURNEYMEN, INC.,
*Appellant,*

*v.*

# JUDSON, et al,
*Defendants,*

# McARTHUR,
*Respondent.*

## (No. 34185, CA 13310)

608 P2d 563

Earl H. Mickelsen, Portland, argued the cause and filed the brief for appellant.

[249]

Carrell R. Bradley, Hillsboro, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, C.J.*

JOSEPH, P.J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

**JOSEPH, P.J.**

Plaintiff obtained a conditional use permit to construct a motel-condominium in Lincoln City. Defendant McArthur, as the attorney for neighboring landowners opposing that complex, filed a petition for writ of review, which was later voluntarily withdrawn. He then commenced a declaratory judgment action to test the validity of plaintiff's conditional use permit and the constitutionality of the ordinance under which the permit was issued. The declaratory judgment was dismissed. We affirmed. *Judson v. Lincoln City,* 26 Or App 371, 552 P2d 588 (1976). Plaintiff then brought this action against McArthur and certain of McArthur's clients, the other defendants,[1] claiming that he should have known that declaratory relief was an improper method to review local government land use decisions and therefore his actions constituted an abuse of process and malicious use of civil process.[2]

Following the third amended complaint plaintiff and all of the defendants filed motions for summary judgment. Defendant McArthur also filed a demurrer, asserting that plaintiff's third amended complaint failed to state a cause of action. On November 30, 1976, the trial court issued an order awarding partial summary judgment in favor of plaintiff on the issue of liability and denying defendant McArthur's demurrer.

Defendant then filed his answer, setting forth affirmative defenses which had not previously been raised. Plaintiff objected to the answer on the ground that summary judgment had already issued in its favor on liability, which had removed the defenses from issue. The other defendants demurred to plaintiff's third amended complaint on the ground that it failed to state a cause of action and in the alternative

---

[1] Defendant's clients settled with plaintiff following the fourth amended complaint.

[2] It is difficult to determine plaintiff's exact claim. Its brief employs the term "misuse of process." The third amended complaint alleged causes of action for interference with a prospective economic advantage resulting from misuse of judicial process and for a nuisance due to misuse of process.

[251]

moved that the partial summary judgment previously awarded in favor of plaintiff be vacated. Those defendants then answered and filed a cross-claim against defendant McArthur. On April 14, 1977, the court allowed defendants' answers over plaintiff's objection, denied their demurrers, accepted the cross-claim, vacated the prior order for partial summary judgment and gave the parties leave to plead further. No judgment had been entered after the order for partial summary judgment. Plaintiff claims the court had no power to vacate that order.

Following the fourth amended complaint, the parties stipulated to the facts which plaintiff would rely on to constitute the ulterior motive or malice element of the alleged torts. The court ruled that plaintiff could not establish a case sufficient to go to the jury and directed a verdict for defendant.

Plaintiff raises two issues on appeal: 1) whether the court had the authority to set aside the previous order for partial summary judgment; and 2) whether the court erred in concluding that plaintiff failed to show on the stipulated facts the required elements of abuse of process or malicious use of civil process.

No summary judgment was ever entered, so the court's order was not a final judgment within the meaning of ORS 18.010[3] or 19.010.[4] Furthermore, it

[3] ORS 18.010:

"(1) A final judgment shall include both the final determination of the rights of the parties in an action or special proceeding as well as a final judgment entered pursuant to ORS 18.125.

"(2) The final determination of the rights of the parties to a suit includes decrees as well as final judgments entered pursuant to ORS 18.125.

"(3) Other determinations in an action or suit intermediate in nature are called orders."

Some of the statutes referred to in this opinion have been repealed and replaced by Oregon Rules of Civil Procedure.

[4] ORS 19.010:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

did not have even the interlocutory character assigned a partial summary judgment by ORS 18.105(3). The court had discretion to vacate the order. *See Wells v. Wells,* 262 Or 44, 496 P2d 718 (1972).

In its second assignment of error plaintiff claims that the trial court erred in directing a verdict for defendant. We disagree. The court properly concluded that the facts were not sufficient to be submitted to the jury. ORS 18.240. Plaintiff was unable to establish on the stipulated facts elements of the alleged torts—ulterior motive or malice. *See Larsen v. Credit Bureau, Inc.,* 279 Or 405, 568 P2d 657 (1977); *Alvarez v. Retail Credit Ass'n,* 234 Or 255, 381 P2d 499 (1963).

Affirmed.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"(e) A final judgment or decree entered in accordance with ORS 18.125."