Submitted on briefs December 4, 1958, affirmed January 21, 1959

# DRAKE *v.* ANDERSON
## 334 P. 2d 477

Jack, Goodwin & Santos, Oregon City, and Richard E. Rink, Salem, filed a brief for appellant.

Hughes & Hughes, Portland, filed a brief for respondent.

WARNER, J.

Plaintiff brought this action to recover damages for malicious prosecution. He obtained a judgment based on a jury verdict in the amount of $1,000. Defendant appeals and urges three assignments of error as grounds for reversal.

The complaint alleges that on the third day of December, 1953, the defendant filed in the District Court for Clackamas County, Oregon, an information, subscribed and sworn to by him, charging plaintiff with the crime of larceny by bailee; that a warrant was issued for plaintiff's arrest and that he was arrested on said charge and committed to the Multnomah county jail; that he was required to and did post bond for his release; and that in June, 1954, the grand jury of Clackamas county refused to indict defendant and returned a not true bill as to the charges made by defendant.

In paragraph IV of his complaint, plaintiff alleges:

"That said charge of larceny by bailee was false and that the complaint was false and that the plaintiff did not commit such crime of larceny by bailee or any other crime and the defendant well knew that said complaint was false and the allegations therein were false and defendant swore to said complaint and caused the same to be filed and plaintiff to be arrested under and by virtue of said complaint maliciously and wrongfully and plaintiff

was arrested and confined in the Multnomah county jail at Portland, Oregon."

The prosecution for which plaintiff seeks to recover damages had its origin in a transaction had sometime in November, 1951. At that time, defendant sold certain real and personal property to plaintiff. Plaintiff gave a mortgage back on the real property and received a bill of sale from defendant for the chattels. There is no evidence, however, that a chattel mortgage or other form of security was given by plaintiff. Subsequently, defendant discovered that plaintiff had moved from the premises which he had purchased and had apparently taken with him the chattels conveyed by the bill of sale. This discovery was followed by the information of felony which defendant signed and which resulted in plaintiff's arrest.

The information charges that the plaintiff, Drake, being "the bailee and mortgagor of personal property [describing it] of the value of $800.00, *all being the property mortgaged to Gust H. Anderson* [the defendant here]" did unlawfully and feloniously and without Anderson's consent remove said property from Clackamas County. (Emphasis ours.)

The defendant demurred to the complaint before answering and again prior to the introduction of evidence.

■ Defendant's first allegation of error is directed to the court's orders overruling the demurrers. He challenges the allegation of paragraph IV as being a mere conclusion of law and not an adequate averment of a want of probable cause.

■■ Want of probable cause is the gist of the action. Its nonexistence must be pleaded and proven if plaintiff is to prevail. *White v. Pacific Tel. & Tel. Co.*, 162

Or 270, 273, 90 P2d 193; *Engelgau v. Walter,* 181 Or 481, 487, 182 P2d 987.

From *Hess v. Oregon Baking Co.,* 31 Or 503, 505, 506, 49 P 803, a case paralleling the instant facts, we learn that a simple and direct averment that defendant's action of "want of probable cause is a sufficient averment for the admission" of evidence to rebut a prima facie case of probable cause established by plaintiff's waiver of a preliminary hearing. See *Hryciuk v. Robinson,* 213 Or 542, 326 P2d 424, 428 (1958), following *Hess v. Oregon Baking Co.,* supra. See Newell on Malicious Prosecution, p 397.

■ We are not unmindful that the language, "want of probable cause," is not embraced in paragraph IV, nor is it found elsewhere in the complaint. But "want of probable cause" are not magic words, nor are they needed when the allegations of paragraph IV are, as we believe them to be, tantamount in meaning and legal significance. It is sufficient if the substantive allegations of paragraph IV equal or comprehend the more direct and positive assertion of a want of probable cause and negative the existence of that element. "The use of the precise words 'want of probable cause' is not indispensible," says 54 CJS 1044, Malicious Prosecution § 77, and: "It is enough if the averments are equivalent to a positive assertion of a 'want of probable cause,' without using these exact words, * * * ."

■ Since "probable cause" comprehends the existence of such facts and circumstances that would excite in a reasonable mind the honest belief that the person is guilty of the crime charged (*Engelgau v. Walter,* supra, 181 Or at 489), an allegation that the defendant knew the falsity of the crime charged in the complaint, constitutes an adequate pleading of want of probable

cause. See *Albertson v. Raboff,* 46 Cal2d 375, 295 P2d 405, 410 (1956), and cases there cited; Anno 14 ALR2d 264, 298-299; 34 Am Jur 772, Malicious Prosecution § 116.

■ Appellant argues that *Fones v. Murdock,* 80 Or 340, 157 P 148, is controlling on the question of the pleading. But our examination of *Fones* reveals that there the plaintiff was convicted in a Justice of Peace court from whence he appealed to the Circuit Court, where he was acquitted, thus giving rise to a conclusive presumption of probable cause, whereas, in *Hess v. Oregon Baking Co.,* supra, as in the instant case, the plaintiff was bound over by the committing magistrate to the grand jury which returned a not true bill, thus creating only a prima facie case of probable cause. This distinction is also recognized in *Hryciuk v. Robinson,* supra (213 Or at 552), and in our opinion renders *Fones* as inapplicable authority in this matter.

This difference in pleading between cases in which only a prima facie showing of probable cause is made and where there is a conclusive showing of probable cause, as exemplified by the Hess case on one hand and the Fones case on the other, is followed in *Ross v. Hixon,* 46 Kan 550, 26 P 955, and asserted as the rule in 34 Am Jur 772, supra. See, also, *Stainer v. San Luis Valley Land & Mining Co.* (CCA 8th), 166 F 220; *Louisville, N. A. & C. Ry. Co. v. Hendricks,* 13 Ind App 10, 40 NE 82; 138 ALR 316 et seq. We note that *Louisville, N. A. & C. Ry. Co. v. Hendricks,* supra, was cited with approval by Justice BEAN in *Hess v. Oregon Baking Co.,* supra, at p 506, as well as the cases cited by the Louisville case and which include the Kansas case of *Ross v. Hixon,* supra.

We find no merit in defendant's first assignment.

■ Defendant's second assignment is directed to the court's denial of his motion for a directed verdict. Its prime contention is that the evidence did not establish want of probable cause.

■ When it is shown in an action for malicious prosecution that the defendant knew at the time he caused a criminal proceeding to be instituted against the plaintiff that the accusation was false, the effect, as evidence of a commitment by a magistrate, is overcome. *Hryciuk v. Robinson,* supra (213 Or at 561); *Thienes v. Francis,* 69 Or 165, 169, 138 P 490, 65 ALR 231.

The defendant pleads as his only defense that before instituting the prosecution against the plaintiff, he sought the advice of the district attorney in good faith. Under such circumstances, the rule (as stated in *Hess v. Oregon Baking Co.,* supra (31 Or at 515) is:

"* * * that where one seeking in good faith the advice of a public prosecuting officer about the commencement of a criminal prosecution, discloses to such officer *all the facts and circumstances within his knowledge,* or which he has reasonable ground to believe, relating to the offense, and is advised by that officer to institute the prosecution, his defense of probable cause will be established if he acted in good faith upon such advice, even though there were other exculpatory facts which he might have ascertained by diligent inquiry. He is bound to make a full and fair disclosure of all the material facts within his knowledge; and, if he has reason to believe that there are other facts bearing upon the guilt or innocence of the accused, he must either disclose that belief to the prosecuting attorney, or himself make inquiry to ascertain the facts in relation to the matter, but more than this he is not required to do. He is not required to institute a blind inquiry to ascertain whether facts exist which would tend to the exculpation of the party accused. If he honestly believes that he is in

possession of all the material facts, and makes a full, fair, and candid statement of them to the prosecuting officer, and acts in good faith on the advice of that officer, he ought to be protected.    *    *    *" (Emphasis ours.)

See, also, *Kuhnhausen v. Stadelman,* 174 Or 290, 308, 148 P2d 239, 149 P2d 168; *White v. Pacific Tel. & Tel. Co.,* supra, (162 Or 280); Prosser, Law of Torts (2d ed), 655, § 98; Newell on Malicious Prosecution, p 311; 34 Am Jur 747, Malicious Prosecution § 71. In *Kuhnhausen v. Stadelman,* supra, we quoted with approval the following statement from *Duval Jewelry Co. v. Smith,* 102 Fla 717, 721, 136 S 878:

> "The advice of counsel cannot be sought or secured as a shield from a feigned action for malicious prosecution or as a cloak to hide malice, but it must be sought in good faith, with the sole purpose of being advised as to the law." (174 Or at 309)

■ If the facts are in dispute, the question of probable cause must go to the jury with proper instructions from the court. *Kuhnhausen v. Stadelman,* supra (174 Or at 311); *Marshall v. Brown,* 108 Or 658, 661, 218 P 923; *Timmins v. Hale,* 122 Or 24, 37, 256 P 770.

Although defendant makes categorical statements to the contrary, we find in the record testimony impugning good faith on the part of the defendant in making the felony charge against plaintiff. This appears by the withholding of his knowledge of important and necessary data from the district attorney, who prepared the information at defendant's request, and by furnishing that officer with statements that were untrue. They also challenge the very existence of probable cause.

> "While a mistaken belief in regard to the facts may furnish probable cause for initiating criminal

proceedings, a mistaken belief as to the legal consequences of a person's conduct does not furnish probable cause unless based upon the advice of counsel as stated in § 666. Hence if, through ignorance of the law, an accuser erroneously believes that the actual or supposed acts or omissions of the accused are such as to constitute the offense charged against him, his mistaken belief in the guilt of the accused, no matter how reasonable in a layman, does not give him probable cause for initiating the proceedings unless it was due to the advice of counsel as above stated. A layman does not act reasonably in relying, in so serious a matter as the initiation of criminal proceedings, upon the accuracy of his legal knowledge." 3 Restatement 409-410, Wrongful Prosecution § 662.

Section 666, relating to advice of attorneys, referred to in the above quotation, emphasizes that it be sought in good faith and given after full disclosure of the facts within the accuser's knowledge and information if it is to avail as a defense. It is substantially the essence of what is above quoted from *Hess v. Oregon Baking Co.,* supra (31 Or at 515).

We have already noticed that the information sworn to by defendant describes him as holding a mortgage on the chattels itemized in the charge. But the defendant, Anderson, testified as follows:

"Q Did you have a mortgage on this personal property at the time you swore to this information, December 3d, I believe it was, 1953?
"A I had no mortgage on anything."

And, later:

"Q  *  *  *  Did you have a mortgage on that property at that time, Mr. Anderson?
"A I didn't—there was no mortgage against anything I let him have."

Mr. Bradshaw, the District Attorney, called as a witness for defendant, gave the following testimony on cross-examination concerning his conversations with Anderson, preparatory to drawing the information requested by him:

"Q   Now, Mr. Bradshaw, please, you have mentioned a mortgage on property. What kind of property did he say that he had the mortgage on? Was it real property or was it—

"A   No, no, it was this personal property.

"Q   This personal property. Now, I want to ask you, sir, on that occasion or any other occasion when Mr. Anderson was discussing this difficulty with you, did he disclose the fact of this bill of sale, what purports to be a bill of sale, marked for identification and numbered Plaintiff's Exhibit No. 4 in this case? Did he disclose this fact to you?

"A   Not to my recollection. I don't recall ever seeing this document before.

"Q   And did you ever hear of it before, this bill of sale?

"A   I don't recall having so heard of it or seen it before."

The failure of the defendant to reveal to the district attorney that he did not have a chattel mortgage on the property alleged in the information to have been embezzled and that he had given plaintiff a bill of sale to the same are matters of material consequence, which, if known to the district attorney, would no doubt have deterred him from drawing the information which defendant swore to as true. The absence of a mortgage, under the circumstances, is a material matter in the prosecution for larceny by bailee. ORS 165.010. See, also, 54 CJS, supra, at 992 § 31. And the giving of the bill of sale, under the circumstances

here present, would negate any assertion of larceny on the part of the plaintiff, Drake.

The defendant admitted that the purpose behind the arrest was because plaintiff "owed a lot of money" to defendant and others. This was evidence the jury might well consider in determining whether defendant was motivated by good faith or by malice. It also bears upon the sufficiency of his disclosures to the district attorney. See 54 CJS, supra, 1006 § 42b; Prosser, Law of Torts, supra, 659, n 63.

These matters of conflicting evidence were properly submitted to the jury to be considered by it in its determination of whether the prosecution of plaintiff was initiated with probable cause.

We conclude that the trial court did not err in overruling defendant's motion for a directed verdict.

▮ Defendant's last assignment relates to the refusal of the court to give his requested instruction. If given, it would have removed from the jury's consideration any evidence of special damages claimed by plaintiff for attorney's fees or the expense of the bail bond. Defendant excepted to this on the ground that "there was no evidence of the reasonableness of the charges."

Although the complaint pleaded these items of expense as special damages and there was evidence that plaintiff had laid out the amounts stated in the complaint, there was, in fact, as asserted by the defendant, no evidence that the charges were reasonable. Concerning these items, the court instructed that if the jury found plaintiff entitled to general damages, the jury might by its verdict "reimburse the plaintiff for any special damages he may necessarily and reasonably have incurred such as costs of bail or at-

torney's fees in the sum not to exceed $125 [the aggregate amount of the special damages pleaded]."

The assertion of this assignment of error is answered by *Hryciuk v. Robinson,* supra, where the circumstances were substantially identical with those revealed by the record here and where, in answer to a similar contention urged by the appellant in that case, we held (213 Or at 572):

"* * * Nevertheless, in view of what this court judicially knows about the value of an attorney's services in defending a client charged with felony, and, since the evidence shows that both the attorneys' fees and the cost of a bail bond were actually and necessarily paid by the plaintiff, we are of the opinion that, in view of all the circumstances of this case, the error was technical rather than substantial and not ground for reversal."

The record disclosing no reversible error, the judgment is affirmed.