Argued September 13, reversed and remanded November 15, 1973

VARNER, *Appellant, v.* HOFFER, *Respondent.*

515 P2d 920

*William G. Purdy*, Medford, argued the cause for appellant. With him on the briefs were Frohnmayer & Deatherage, Medford.

*Herbert A. Putney*, Medford, argued the cause for respondent. With him on the brief were Boyer & Putney, Medford.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE, HOWELL and BRYSON, Justices.

DENECKE, J.

Plaintiff brought this malicious prosecution action against defendant because the defendant caused a criminal complaint to be issued against plaintiff. The trial court directed a verdict for the defendant and plaintiff appeals.

■ Among the elements that a plaintiff must prove in order to successfully prosecute a malicious prosecution action is that the defendant initiated the criminal prosecution without probable cause. The trial

court directed a verdict in this case in the belief that the defendant had probable cause to initiate the criminal prosecution.

■ The court directed a verdict against the plaintiff; therefore, the evidence most favorable to the plaintiff should be considered in determining whether the trial court was correct.

Mr. Varner (plaintiff) and his wife lived in a duplex as tenants of Mrs. Hoffer (defendant) and her husband. The Hoffers lived nearby. The parties had an uneventful relationship for two years. In January Mr. Hoffer notified the Varners that he was raising their rent from $100 to $110 per month and that he could do this despite rent controls. Mr. Varner called the Internal Revenue Service who told him his rent could be raised only 2¼ per cent. Mr. Varner called Mr. Hoffer and gave him this information. Mr. Hoffer became offended and he and Mrs. Hoffer and Mr. Varner had an acrimonius conversation. On February 11 Mr. Hoffer delivered a notice giving the Varners 30 days to leave.

About two weeks later the Hoffers came over to the Varners, woke Mr. Varner and told him to get a friend's car off the grass. Mrs. Hoffer remarked that if it was not off she would throw rocks and break the car windows. Later that day, the Varners went out and when they returned they found their driveway blocked by cars belonging to another tenant or the tenant's friends. Mr. Varner went to the Hoffers and asked Mr. Hoffer to have the car moved or he would have to drive his four-wheel drive vehicle over the grass to get into his driveway. Mr. Hoffer from his doorway said he was not going to do anything. Mrs.

Hoffer said to Varner, among other things, "I'll get you, you son of a bitch for harassing me." Mr. Hoffer said about the same thing and Mr. Varner invited Mr. Hoffer outside to fight. Mrs. Hoffer grabbed her husband and told Varner, "get out of here you damn jackass," and Mr. Varner responded, "why don't you shut up your mouth, you fat old bitch."

The next day Mrs. Hoffer went to the sheriff's office and related her story—or her side of the story—to a deputy sheriff and then to a deputy district attorney. She signed a complaint stating that Mr. Varner "did unlawfully, with the intent to harass, annoy and seriously alarm another, to-wit: Myrtle L. Hoffer, engage in a course of conduct, to-wit: did use obscene language that alarmed and seriously annoyed said Myrtle L. Hoffer, and which conduct served no legitimate purpose."

Pursuant to the complaint, Varner was arrested and later released. The charge was subsequently dismissed.[①]

The complaint attempts to state a violation of ORS 166.065, which provides:

"(1) A person commits the crime of harassment if, with intent to harass, annoy or alarm another person, he:

"* * * * *.

"(d) Engages in a course of conduct that alarms or seriously annoys another person and which serves no legitimate purpose."

■ Whether defendant had probable cause is a question of law for the court to decide if the facts and the inferences from the facts are undisputed. *Kuhn-*

---

[①] The effect of the dismissal was not made an issue.

*hausen v. Stadelman,* 174 Or 290, 310-311, 148 P2d 239, 149 P2d 168 (1944). If the facts or inferences are in dispute the jury must decide the facts and the court must instruct the jury what facts constitute probable cause.[2]

■ We have adopted 3 Restatement, Torts § 662, as a correct statement of when probable cause exists. *Kuhnhausen v. Stadelman,* supra (174 Or at 315); *Shoemaker v. Selnes,* 220 Or 573, 349 P2d 473, 87 ALR2d 170 (1960). Section 662, 3 Restatement, Torts, pp 403-404, provides:

"One who initiates criminal proceedings against another has probable cause for so doing if he

"(a) reasonably believes that the person accused has acted or failed to act in a particular manner, and

"(b)

"(i) correctly believes that such acts or missions constitute at common law or under an existing statute the offense charged against the accused, or

"(ii) mistakenly so believes in reliance on the advice of counsel under the conditions stated in § 666."

Clauses (a) and (b) make an important, but not readily apparent, distinction.

Under (a) the defendant has probable cause if she "reasonably believes" the accused has conducted himself in a certain manner. The defendant may be mistaken, but nevertheless have probable cause if she was reasonable in believing the accused did a certain thing. For example, a defendant would have probable

---

[2] A very difficult duty when various fact combinations are possible.

cause if he reasonably believed the accused was the man who struck and robbed him although he was mistaken in his belief that the accused was his assailant.

However, under (b), a reasonable but mistaken belief that the conduct constituted a crime does not amount to probable cause, with an exception to be discussed subsequently.

Comment $j$. to § 662 (b) comments on this distinction:

"While a mistaken belief in regard to the facts may furnish probable cause for initiating criminal proceedings, a mistaken belief as to the legal consequences of a person's conduct does not furnish probable cause unless based upon the advice of counsel as stated in § 666. Hence if, through ignorance of the law, an accuser erroneously believes that the actual or supposed acts or omissions of the accused are such as to constitute the offense charged against him, his mistaken belief in the guilt of the accused, no matter how reasonable to a layman, does not give him probable cause for initiating the proceedings unless it was due to the advice of counsel as above stated. A layman does not act reasonably in relying, in so serious a matter as the initiation of criminal proceedings, upon the accuracy of his legal knowledge." 3 Restatement, Torts, supra, at 409-410.

We expressly applied this distinction in *Gumm v. Heider,* 220 Or 5, 27, 348 P2d 455 (1960):

"* * * If it be true that the plaintiff was not guilty of the crime charged, the defendant did not have probable cause for initiating the criminal prosecution unless he acted in good faith upon the advice of the district attorney after a full disclosure of the facts to that official. 3 Restatement of Torts, § 662 (b) (ii), Comment j, p 409; 65 ALR 243. See

*Kuhnhausen v. Stadelman,* supra, 174 Or at 315.
* * * ."

We held in *Gumm v. Heider,* supra (220 Or 5), that a crime had not been committed and the trial court was correct in instructing the jury that no crime had been committed by plaintiff and defendant did not have probable cause for initiating criminal proceedings.

We quoted Comment *j.* with approval in *Drake, v. Anderson,* 215 Or 291, 298-299, 334 P2d 477 (1959); however, we were concerned primarily with whether the defendant's legal advice was based upon a complete statement of the facts by the defendant to his lawyer.

■ The plaintiff in this case may not have committed any crime, as a matter of law. The Oregon Court of Appeals in *State v. Sallinger,* 11 Or App 592, 504 P2d 1383 (1972), stated that the phrase "course of conduct" as used in (d) of the harassment statute requires more than a single, isolated transaction, more than an isolated verbal act. We need not decide whether this statement of the Court of Appeals is correct because here the facts were disputed and there was a jury question as to whether plaintiff had committed the crime charged. The trial court was in error in deciding that question as a matter of law.

Two elements of the crime were not proved as a matter of law. The statute requires that the accused conduct himself with the intent to harass, annoy and seriously alarm Mrs. Hoffer and that the conduct did alarm and seriously annoy Mrs. Hoffer. As the facts we have related show, the jury could have found neither element was proved, despite Mrs. Hoffer's

testimony that Varner's conduct alarmed and annoyed her.

Some jurisdictions have not followed the rule that a crime must actually have been committed before the defendant can be found to have acted with probable cause. These jurisdictions hold that if the defendant acted reasonably, both in his belief as to the facts as well as to the law, the defendant had probable cause. See cases cited at footnote 8, p 843, § 119 Prosser, Torts (4th ed). Dean Prosser emphatically agreed with this viewpoint.

There may be instances in which no crime has been committed although a reasonable person would have thought so. This is not such an instance and, therefore, we do not have to decide whether we have to limit the scope of some of our previous decisions. A lay person, such as Mrs. Hoffer, could not form a belief as a reasonable person that the crime of harassment had been committed. The basic elements of such crimes as theft, assault or fraud are known to most lay persons and they might be able to have a reasonable belief that such a crime has been committed. The crime of harassment, however, is not of this type. The crime never existed in Oregon until enacted by the 1971 legislature. *State v. Sallinger,* supra (11 Or App 592).

■ All the decisions and writers agree that the accuser acts with probable cause even if a crime actually had not been committed, if the accuser initiates the criminal proceeding upon the advice of counsel. One of our decisions so holding is *Drake v. Anderson,* supra (215 Or at 297-300).

In order for the advice of counsel to provide probable cause for the accuser, however, the accuser

must disclose to counsel "all of the facts and circumstances within his knowledge, or which he has reasonable ground to believe, relating to the offense * * *." *Hess v. Oregon Baking Co.,* 31 Or 503, 515, 49 P 803 (1897).

"It is also for the jury to find whether the accused [the defendant who initiated the criminal proceeding] laid before the attorney all the facts which he knew or of which he had reliable information; or, on the other hand, whether he suppressed facts which he should have known to be material." 3 Restatement, Torts, supra, § 666, Comment *g.,* p 421. We so held in *Drake v. Anderson,* supra (215 Or at 298).

The jury could have found Mrs. Hoffer did not fully disclose the facts to the district attorney. The district attorney did not remember the conversation with Mrs. Hoffer. The jury could have found that Mrs. Hoffer told the district attorney only that she and her husband had been having trouble with the Varners, who were tenants; that the Varners parked a car on the Hoffer's lawn; that Mr. Varner came to the Hoffers' house and an argument ensued; that Mr. Varner tried to pick a fight with Mr. Hoffer; and that Mr. Varner directed a vulgar remark at Mrs. Hoffer. The jury could have found she omitted facts that would indicate Mr. Varner had no intent to harass or annoy; that the Hoffers provoked the vulgarity; and that Mrs. Hoffer was not harassed or annoyed, but rather intended to harass Mr. Varner by filing a criminal complaint.

The trial court erred in directing a verdict.

Reversed and remanded.