# MATHRE, *Appellant,*
*v.*
# MULTNOMAH COUNTY, *Defendant,*
*and*
# McDONNELL, *Respondent.*
## (No. 420-121, CA 8344)

581 P2d 88

Walter T. Aho, Molalla, argued the cause and filed the brief for appellant.

Edward H. Warren, Portland, argued the cause for respondent. With him on the brief were Wm. H. Mitchell and Hershiser, Mitchell & Warren, Portland.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

This is an appeal from a directed verdict in favor of defendants McDonnell and Multnomah County in causes of action for false arrest, malicious prosecution and assault and battery. The issue is whether defendant McDonnell had probable cause to arrest plaintiff for attempting to elude a police officer.[1]

Defendant McDonnell, a Deputy Sheriff, arrested plaintiff for attempting to elude a police officer and for resisting arrest. In the criminal trial the charge of eluding was dismissed at the close of the prosecution's case. The separate charge of resisting arrest was resolved in plaintiff's favor. Plaintiff then brought this action against defendants McDonnell and Multnomah County for false arrest, malicious prosecution and assault and battery.

The evidence shows that plaintiff completed her work day at 9:00 p.m. and went to a restaurant to meet her ex-husband where she had one alcoholic drink and part of another. Subsequently, she departed the restaurant to meet her ex-husband for Chinese food at his abode on 142nd Street in the City of Portland. While

---

[1]Former ORS 483.049 (*repealed* Oregon Laws 1975, ch 451, § 291, p 904), was still in effect on October 30, 1974, when the arrest occurred and provides as follows:

"(1) Any person, while driving a vehicle on any highway in this state, who knowingly flees or attempts to elude any traffic or police officer after having received any signal from a traffic or police officer to bring the vehicle to a stop, shall be punished, upon conviction, by imprisonment in the county or municipal jail for not more than six months, or by a fine of not more than $2,000 or both. For purposes of this section, a 'police officer' means a member of the Oregon State Police, a sheriff or deputy sheriff, or a city policeman, in appropriate police uniform or who is operating a police vehicle appropriately marked with the customary insignia identifying it as a police vehicle."

"(2) After a traffic or police officer has given any signal to any person driving a vehicle on any highway in this state to bring the vehicle to a stop, the following shall be prima facie evidence of violation of subsection (1) of this section:

"(a) Interfering with or endangering the operation of any police vehicle;
"(b) Increasing speed; or
"(c) Extinguishing the vehicle's lights."

plaintiff was driving on 132nd Street she overtook and passed defendant McDonnell, a police officer in uniform, in a marked vehicle, at approximately 1:35 a.m. He followed plaintiff to Halsey Street where she stopped for a traffic light, then she turned right and "accelerated rapidly." Halsey Street is a thoroughfare with two lanes for travel in each direction and a posted speed of 45 mph. Plaintiff concedes that her speed may have reached 50 mph between 132nd and 142nd on Halsey Street. Defendant McDonnell testified that plaintiff made "erratic" lane changes several times on Halsey Street so he turned his two overhead blue flashing lights on at 134th Street. When plaintiff, nevertheless, continued for a distance of about one block, he activated an additional signal consisting of alternate flashing of the high beams of his headlights, still with no response, and finally turned on his siren before reaching 142nd Street. Plaintiff testified that she was not aware of any flashing lights until she commenced her left turn at 142nd Street and that she never head the siren.

After plaintiff turned onto 142nd Street, she traveled at a speed of approximately 20 mph a distance of approximately 400 feet past seven houses on this residential street, and turned into the driveway where her ex-husband resided and she had previously resided. Plaintiff did not deny that there may have been places along 142nd Street where she could have pulled over to park—defendant McDonnell testified that there were such places.

The trial court found "as a matter of law that the Defendants had probable cause to believe Plaintiff was attempting to elude a police officer," so the court granted defendant's motion for a directed verdict.

One of the elements that a plaintiff must prove, in order to successfully prosecute a malicious prosecution action, is that defendant initiated the criminal prosecution without probable cause. *Varner v. Hoffer,* 267 Or 175, 176-77, 515 P2d 920 (1973). In cases where the

trial court has directed a verdict against plaintiff, the evidence is viewed in a light most favorable to plaintiff in determining whether the trial court was correct. *Varner v. Hoffer, supra* at 177. In the event of any conflict of testimony, plaintiff is entitled to the benefit of all reasonable inferences from evidence in her favor. *Lampos v. Bazar, Inc.,* 270 Or 256, 267, 527 P2d 376 (1974). Proof of probable cause is a complete defense to an action for malicious prosecution. *Gustafson v. Payless Drug Stores,* 269 Or 354, 356, 525 P2d 118 (1974). The existence of probable cause is a matter for the court to decide.

■ Here, accepting the facts most favorable to plaintiff, she was operating her vehicle on a highway when she received a signal to stop from a marked police vehicle and knowingly failed to stop. She admits completing a left hand turn, and driving 400 feet to a private driveway when there may have been places where she could have stopped after she became aware of the flashing lights. Under these circumstances it was reasonable, as a matter of law, for defendant McDonnell to believe that plaintiff was attempting to elude him.

Affirmed.