Argued and submitted June 25, affirmed in part; reversed in part February 27, 1985

REYNOLDS,
*Appellant,*

*v.*

GIVENS,
*Defendant,*
SMITH,
*Respondent.*

(A8010-05742; CA A27371)

695 P2d 946

Ivan J. Vesely, Portland, argued the cause for appellant. With him on the briefs was Vesely and Holden, Portland.

John W. Savage, Portland, argued the cause for respondent. With him on the brief was Rieke, Geil & Savage, P.C., Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought an action for conversion or replevin and defendant[1] counterclaimed for abuse of process. The trial court granted defendant's motion for summary judgment on plaintiff's claim and, after trial, granted judgment for defendant on her counterclaim. Plaintiff appeals, contending that there were material issues of fact respecting her claim and that the court therefore erred in granting defendant's motion for summary judgment. She also contends the court erred in denying her motion to dismiss the counterclaim on the ground that it failed to state a claim. We affirm the judgment for defendant on plaintiff's claim and reverse the trial court's denial of plaintiff's motion to dismiss the counterclaim.

The dispute concerns the ownership of certain personal property. Plaintiff claims that she owns the property, because it was given to her by defendant's father and grandmother. Defendant claims that she inherited the property from her grandmother.

Defendant's father and grandmother both died on October 12, 1974. Up to that date, plaintiff and defendant's father had lived together as husband and wife for 17 years, although they were not married. Plaintiff claims that the property in question was given to her by defendant's father and grandmother a few days before they died.

The probate proceedings in defendant's father's estate led to our decision in *Reynolds v. Givens,* 37 Or App 785, 588 P2d 113 (1978). The issues in that case are not relevant to the case at bar with one exception. In that case, plaintiff (the same plaintiff as in this case) objected to the accounting filed by defendant's brother, as personal representative of the estate, on the ground that he had permitted the removal of the property given to her by defendant's grandmother from the father's house. We stated that, because the property belonged either to plaintiff or defendant's grandmother, and in any event did not belong to the father's estate, its distribution could not be litigated in the probate court in that case. We

---

[1] The term "defendant" in this opinion refers to Rhoda Ann Givens Smith, the only defendant involved in the appeal. Defendant's brother was originally a defendant, but the case against him was dismissed.

therefore affirmed the probate court's denial of plaintiff's objection. *Reynolds v. Givens, supra,* 37 Or App at 792.

Defendant's grandmother died intestate. On August 22, 1975, her estate was closed. Defendant and defendant's brother as heirs were each awarded one-half of the estate. Defendant received some of the property which plaintiff claims was given to her. On August 16, 1976, plaintiff petitioned to reopen the estate on the ground that personal property belonging to her had been improperly distributed to parties other than the rightful owner. The probate court denied her objection and again closed the estate September 21, 1977.

Plaintiff also filed a conversion action against defendant and defendant's brother on August 22, 1977. That case was dismissed pursuant to local rule of the Multnomah County Circuit Court for failure to prosecute.

In October, 1980, plaintiff filed this action for conversion or replevin. She alleged that defendant wrongfully possessed personal property belonging to her and that plaintiff was entitled to damages or return of the property. Defendant filed an answer containing affirmative defenses and a counterclaim for abuse of process.

Plaintiff's motion for summary judgment on her claim was denied. Defendant moved for summary judgment against plaintiff's claim on her affirmative defense that she was the rightful owner of the property by virtue of the distribution of her grandmother's estate. The trial court granted that motion and denied plaintiff's motion to dismiss defendant's counterclaim for failure to state a claim.

Defendant's counterclaim was tried to the court. Plaintiff renewed her motion to dismiss, and the trial court again denied the motion. The trial court found for defendant and entered a judgment on the counterclaim and against plaintiff's claim.

Plaintiff argues that the trial court erred in denying her motion for summary judgment and in granting defendant's motion. We hold that the trial court properly granted defendant's motion.

Defendant moved for summary judgment on the

ground that she was the owner of the property by virtue of the court-ordered distribution of her grandmother's estate and that, therefore, as a matter of law, she was not liable to plaintiff for conversion or replevin. Her supporting affidavit stated that she possessed the property plaintiff claimed; that this property was included in the inventory of her grandmother's estate, except for one set of glasses that was inadvertently omitted; that she received the property through a court order awarding her half the estate; and that plaintiff unsuccessfully challenged the order in the probate court.

Plaintiff filed an affidavit in opposition to defendant's affidavit. It asserted that the property was not part of the grandmother's estate. It stated that the property was either given to her or purchased by her. The affidavit further stated that the inventory of the estate was drawn up by a personal friend and benefactor of defendant, who had no personal knowledge of the source of this property, nor knowledge that the property had been given to plaintiff. Finally, it stated that defendant had no knowledge of what her grandmother had given plaintiff.

■ Summary judgment is appropriate when the moving party shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47C. Taken as a whole, plaintiff's affidavit does not dispute that ultimately the property became part of the inventory or that defendant received the property through an order of the probate court; it merely reiterates the argument she made to the probate court that the property was improperly included in the inventory. That issue had already been decided against her by the probate court. Therefore, her affidavit raises no genuine issue of material fact.

■ The probate court had jurisdiction to adjudicate title to the property between plaintiff and the grandmother's estate. ORS 111.085(4) provides that the probate court's jurisdiction includes the "[d]etermination of title to and rights in property claimed by or against personal representatives." ORS 116.113(4) provides that "[t]he decree of final distribution is a conclusive determination of the persons who are successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of

appeal and power of the court to vacate the decree." Therefore, defendant became the legal owner of the property when it was distributed to her by the personal representative pursuant to the decree of final distribution awarding her half the estate. The undisputed facts showed that defendant was the owner of the property; therefore, as a matter of law, she could not be liable to plaintiff for conversion or replevin. The trial court correctly granted defendant's motion for summary judgment.

Respecting the counterclaim, plaintiff contends that there was insufficient evidence to prove the elements of abuse of process. She also contends that the court erred in denying her motion to dismiss the counterclaim on the ground that it failed to state a claim for relief. Because we conclude that the court erred in denying the motion to dismiss, we do not address the sufficiency of the evidence.

Abuse of process is "the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause." *Kelly v. McBarron,* 258 Or 149, 154, 482 P2d 187 (1971). Dean Prosser has identified the elements of the action as follows:

> "* * * [F]irst, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant had done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort." Prosser, Torts 857, § 121 (4th ed 1971), quoted in part in *Larsen v. Credit Bureau,* 279 Or 405, 408, 568 P2d 657 (1977).

Defendant's counterclaim alleged:

"V.

"That plaintiff has filed this lawsuit * * * with the ulterior purpose of forcing defendant Rhoda Ann Givens Smith to deliver the claimed property to plaintiff, to force defendant

Rhoda Ann Givens Smith to incur substantial legal expenses to defend plaintiff's frivolous and vindictive lawsuits, to cause defendant Rhoda Ann Givens Smith to suffer intimidation and emotional distress in the defense of plaintiff's frivolous and vindictive lawsuits and to punish defendant Rhoda Ann Givens Smith for receiving some or all of the claimed personal property from the estate of her grandmother when plaintiff believed that some or all of the personal property should have been awarded to plaintiff by the Probate Court, instead of defendant Rhoda Ann Givens Smith.

"VI.

"Such action is wrongful and is a perversion of legal procedure.

"VII

"As a proximate result of plaintiff's abuse of process, plaintiff has incurred legal expenses in the amount of $1,500.00; said legal expenses are continuing and plaintiff will amend her Complaint at the time of trial to show the full extent of her damages.

"VIII

"As a further proximate result of plaintiff's abuse of process, a plaintiff has suffered mental distress, anxiety, nervousness, worry and anguish to her general damages in the sum of $1,000.00.

"IX

"Plaintiff's conduct in instituting frivolous, vindictive and vexatious lawsuits has been done intentionally, willfully and in complete disregard of the rights of defendant Rhoda Ann Givens Smith, for which plaintiff should be assessed punitive damages in the sum of $1,000.00."

In *Brood v. Davis,* 42 Or App 587, 593-94, 601 P2d 487 (1979), *modified* 44 Or App 261, 605 P2d 749, *rev den* 289 Or 1 (1980), we held that a counterclaim failed to state a cause of action for abuse of process because it did not allege that the defendant had suffered either an actual arrest or a seizure of property. We cited with approval *Holiday Magic, Inc. v. Scott,* 4 Ill App 3d 962, 282 NE2d 452 (1972).

In *Holiday Magic,* the plaintiff filed an action for damages and injunctive relief against the state attorney general and two of his assistants. The complaint alleged that, after an inadequate investigation and threats of legal action,

the defendants filed a lawsuit against the plaintiff's business. It alleged that the lawsuit was filed with the ulterior purpose of "killing" plaintiff's business by the generation of adverse publicity, and further, that after filing the lawsuit, the defendants had committed acts in the use of the process not proper in the regular prosecution of the proceeding in actively and knowingly generating adverse publicity concerning the lawsuit. Finally, it alleged that the action was brought without probable cause and with malice and set forth the plaintiff's damages. The trial court granted the defendant's motion to strike and dismiss the complaint.

■       On appeal, the Appellate Court of Illinois held that the complaint did not state a cause of action for abuse of process. The court based its holding on two alternate grounds, only the second of which was the basis for the holding in *Brood v. Davis, supra,* and is the basis for our holding in the instant case. After concluding that the complaint failed to state a cause of action because it did not allege any misuse of the "process" of the court,[2] the court went on to consider the alternate ground for its holding:

> "We have seen that the mere use of process by itself is not tortious. To constitute an abuse of the process in the legal sense, there must be some act in use of the process which is not proper in the regular course of the proceedings. This element has been generally defined by the courts of Illinois as existing only in instances in which plaintiff has suffered an actual arrest or a seizure of property. (See *John Allan Co. v. Brandow,* 59 Ill.App.2d 328, 207 N.E.2d 339 [(1965)]; *Alberto-Culver Company v. Andrea Dumon, Inc.,* 295 F.Supp. 1155 [, 160 PQ 822 (ND Ill 1969)].) We note also the exposition of the identical rule by the Court of Appeals of New York in 1969 in *Williams [v. Williams,* 23 NY 2d 592, 298 NYS 2d 473, 246 NE 2d 333 (1969)]. It appears that the majority of American courts are in accord. (1 Am.Jur.2d Abuse of Process Sec. 4 at

---

[2] The court defined "process" as "any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property." *Holiday Magic, Inc. v. Scott, supra,* 4 Ill App 3d at 968. It concluded that plaintiff's complaint was deficient because it did not allege any use of process:

> "* * * The generation of publicity by the filing of a complaint and the issuance of statements to the news media cannot be construed as having any relation to process of the court. Pleading must be distinguished from process. Pleadings are created and filed by the litigants. Process is issued by the court, under its official seal. * * *" 4 Ill App 3d at 968.

pages 253 and 254; 72 C.J.S. Process Sec. 120 at page 1190.) This court also approves the general rule as stated and we hold that it provides another reason complete in itself for affirming the judgment appealed from. It may well be that in a proper factual context a fraudulent and malicious manipulation of service of summons could itself constitute abuse of process; but, of course, no such problem is presented by this record." 4 Ill App 3d at 969.

It follows that defendant's counterclaim fails to state a claim for relief. It contains no allegation that defendant suffered an actual arrest or a seizure of property. Therefore, the trial court erred in not dismissing the counterclaim.

Judgment on plaintiff's claim affirmed; judgment on defendant's counterclaim reversed.