Argued and submitted June 14, 1985, reversed and remanded on malicious prosecution claim; reversed on abuse of process claim February 5, reconsideration denied April 4, petition for review denied May 7, 1986 (301 Or 78)

HARTLEY,
*Respondent,*

*v.*

STATE OF OREGON,
WATER RESOURCES DEPARTMENT et al,
*Appellants.*

(83-552 CV; CA A32830)

713 P2d 1060

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Sam McKeen, Klamath Falls, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

Warren, J., concurring.

Buttler, P. J., concurring in part; dissenting in part.

## ROSSMAN, J.

In this action, plaintiff alleges claims for malicious prosecution and abuse of process. Defendants appeal from a judgment entered on a jury verdict in favor of plaintiff on both claims. We reverse the judgment on plaintiff's malicious prosecution claim and remand. We also reverse the judgment on plaintiff's abuse of process claim.

Plaintiff was a well digger and possessed drilling and contracting licenses. Defendant Sparks is a state watermaster. Defendant Leeds was employed by the Department of Water Resources (department) to assist watermasters in the enforcement of the laws relating to well construction.

For reasons unrelated to this action, plaintiff's contracting license was suspended for 30 days and his drilling license was suspended for 60 days, beginning on November 1, 1980. In May, 1981, Sally Guggenmos stated in writing that plaintiff had drilled a well for her on November 6, 1980. Constructing a well without a license is a criminal offense. In June, 1981, the department received a note from Rollo Allen, asserting that plaintiff had used an improper method of cement grouting around the casing of a well. The method allegedly used constitutes a criminal offense.

Defendants did not consult plaintiff about those allegations. They did, however, consult with the Klamath County District Attorney and with an attorney at the Department of Justice. Defendants were advised that they could proceed against plaintiff either civilly or criminally. In July, 1981, defendants served plaintiff with criminal citations and a notice of immediate suspension of his licenses.

Plaintiff's criminal trials were scheduled for July 15 and 16, 1981. Within the hour before trial on the Guggenmos charges, Guggenmos informed Leeds that she had been mistaken about the date on which the drilling had occurred; it had not occurred during the suspension. Leeds spoke to the district attorney, and the charges were dropped. Leeds then called an assistant attorney general for advice about whether to proceed with the Allen charge. Leeds testified that he was advised to proceed. The case went to trial and was dismissed on what was labeled a motion for directed verdict. Plaintiff

thereafter brought this action, claiming malicious prosecution and abuse of process.

Defendants first contend that the trial court erred in failing to grant their motion for directed verdict on plaintiff's malicious prosecution claim. The contention is based on two arguments: (1) Plaintiff failed to prove that defendants lacked probable cause for the commencement of the prosecution; (2) defendants proved that they sought the advice of counsel in good faith and had relied on that advice after a full disclosure of all the information in their possession, which proof establishes probable cause as a matter of law.

To prevail on a claim for malicious prosecution, a plaintiff must prove that the defendant did not have probable cause to initiate the criminal proceeding. *See, e.g., Lampos v. Bazar, Inc.,* 270 Or 256, 266, 527 P2d 376 (1974). Correspondingly, the existence of probable cause is a complete defense to a claim for malicious prosecution. *Gustafson v. Payless Drug Stores,* 269 Or 354, 356, 525 P2d 118 (1974). Advice of counsel, if sought in good faith and if given after full disclosure of information in the possession of the accuser, establishes probable cause as a matter of law. *See, e.g., Drake v. Anderson,* 215 Or 291, 297-98, 334 P2d 477 (1959); Restatement (Second) Torts, § 666 (1976).

We conclude that the evidence viewed in the light most favorable to plaintiff supports submitting the issue of probable cause to the jury. Therefore, the court did not err in denying defendants' motion for directed verdict on plaintiff's malicious prosecution claim.

Defendants next contend that the trial court erred in failing to instruct the jury, as defendants requested, that the advice of counsel, sought in good faith and given after full disclosure, is *conclusive* on the issue of probable cause. The court instructed the jury that such advice is only probative on the issue of probable cause.[1] We agree with defendants'

---

[1] The trial court instructed the jury:

"You're instructed that the defendant — you're instructed that where one fully, fairly and truthfully disclosed all of the pertinent facts of which he has knowledge or which he could obtain knowledge, with a reasonable diligence to his attorney and seeks the advice of his attorney in good faith and from honest motives, and then in good faith follows the advice of his attorney and files a

contention. It is a well-established rule that the advice of counsel, if sought in good faith and if given after full disclosure of information in the possession of the accuser, is conclusive and not merely probative of the existence of probable cause.[2] *See, e.g., Drake v. Anderson, supra,* 215 Or at 297-98; *Hess v. Oregon Baking Co.,* 31 Or 503, 515, 49 P 803 (1897). We hold that the court's refusal of the instruction was erroneous and that the error was prejudicial.

Finally, defendants contend that the trial court committed error in failing to grant their motion for a directed verdict on plaintiff's claim for abuse of process. Plaintiff alleged that defendants abused the process involved by suspending and then reinstating his drilling license.[3]

---

criminal charge for a proper purpose, then you as jury *may* find the advice of his attorney to be a defense to the charge that the action was brought without probable cause or that he brought it with malice." (Emphasis supplied.)

[2] The dissent does not seem to recognize the fundamental problem with the court's instruction. The court allowed the jury to find that defendants acted without probable cause, even if it concluded that they had relied on the advice of counsel after (a) seeking that advice in good faith (b) disclosing to counsel all that they knew and (c) using reasonable diligence in obtaining their information. That is an impermissible instruction under *Drake v. Anderson,* 215 Or 291, 297-98, 334 P2d 477 (1959), and *Hess v. Oregon Baking Co.,* 31 Or 503, 515, 49 P 803 (1897). It is also an impermissible instruction under any reasonable interpretation of *Lampos v. Bazar, Inc.,* 270 Or 256, 527 P2d 376 (1974), the case relied on by the dissent.

[3] Plaintiff alleged:

"II

"THAT on or about July 14, 1981, the Defendants herein did maliciously abuse civil process against the Plaintiff, CHARLES E. HARTLEY, in that they did order that his license be suspended until such time as the criminal cases set out in Plaintiff's First Cause of Action, Paragraph IV, were concluded. That the Defendants did include in said Suspension Order the provision that in the event that said criminal cases were adjudicated in favor of the Plaintiff herein that the Plaintiff's license, automatically, would be renewed.

"III

"THAT all three (3) criminal cases were ruled favorably to the Plaintiff, CHARLES E. HARTLEY, on July 14, 1981 by the Honorable Wayne H. Blair, District Court Judge and said Court did order, pursuant to the suspension, that the Plaintiff's license was automatically reinstated.

"IV

"THAT the Defendants herein did not reinstate the license of the Plaintiff, CHARLES E. HARTLEY, but did, after the favorable result, advise the insurance company covering the Plaintiff that the Plaintiff was suspended and was not eligible to drill wells. The Defendants did further advise businesses that the Plaintiff did business with, to wit: Valley Pump Company, Interstate Pump Company and others, that the Plaintiff was suspended and was not legally entitled to drill wells.

"V

"THAT as a direct and proximate result of the conduct of the Defendants as

■ ■     We agree with defendants that there was insufficient evidence to submit the claim of abuse of process to the jury. As we recently stated in *Reynolds v. Givens,* 72 Or App 248, 695 P2d 946 (1985):

> "Abuse of process is 'the perversion of legal procedure to accomplish an ulterior purpose when the procedure is commenced in proper form and with probable cause.' *Kelly v. McBarron,* 258 Or 149, 154, 482 P2d 187 (1971). Dean Prosser has identified the elements of the action as follows:
>
>> " '* * * [F]irst, an ulterior purpose, and second, a wilful act in the use of the process not proper in the regular conduct of the proceeding. Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, is required; and there is no liability where the defendant had done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.' Prosser, Torts 857, § 121 (4th ed 1971), quoted in part in *Larsen v. Credit Bureau,* [279] Or 405, 408, 568 P2d 657 (1977)."

Plaintiff presented no evidence that defendants acted with an ulterior purpose in causing his license to be suspended. The evidence that plaintiff relies on shows only that defendants may have had some malice toward plaintiff. However, that does not constitute an ulterior purpose in the form of coercion to obtain a collateral advantage not associated with the process, such as the surrender of property or the payment of money. Accordingly, we reverse the judgment on the abuse of process claim.

    Reversed and remanded on the claim for malicious prosecution; reversed on the claim for abuse of process.

---

hereinbefore set out, the insurance company involved did cancel the insurance of the Plaintiff, CHARLES E. HARTLEY, and did cause a further suspension. That said suspension occurred at a time when the Plaintiff herein had actual contracts for well drilling. That this was to the Plaintiff's damage in the sum of $20,000.00."

**WARREN, J.,** concurring.

I concur with the opinion by Judge Rossman and write separately because I believe Judge Buttler, in his dissent from the reversal of the malicious prosecution action, misreads what the Supreme Court said in *Lampos v. Bazar, Inc.,* 270 Or 256, 527 P2d 376 (1974), as altering the traditional roles of the judge and jury in resolving the question of probable cause in malicious prosecution actions. The law is settled in Oregon that the question of probable cause is always for the court, not the jury.

> "Whether defendant had probable cause is a question of law for the court to decide if the facts and the inferences from the facts are undisputed. *Kuhnhausen v. Stadelman,* 174 Or 290, 310-311, 148 P2d 239, 149 P2d 168 (1944). If the facts or inferences are in dispute the jury must decide the facts and the court must instruct the jury what facts constitute probable cause.* * *" *Varner v. Hoffer,* 267 Or 175, 178-79, 515 P2d 920 (1973). (Footnote omitted.)

*See also Gustafson v. Payless Drug Stores,* 269 Or 354, 357-58, 525 P2d 118 (1974). Proof of probable cause is a complete defense to an action for malicious prosecution. *Gustafson v. Payless Stores, supra,* 269 Or at 356. When a party relies on "advice of counsel" to establish probable cause, the defense is established when the requirements of Restatement (Second) Torts § 666 (1977) have been met. *See Lampos v. Bazar, Inc., supra,* 270 Or at 269. That section provides:

> "(1)  The advice of an attorney at law admitted to practice and practicing in the state in which the proceedings are brought, whom a client has no reason to believe to have a personal interest in obtaining a conviction, is conclusive of the existence of probable cause for initiating criminal proceedings in reliance upon the advice if it is

> "(a)  sought in good faith, and

> "(b)  given after a full disclosure of the facts within the accuser's knowledge and information.

> ·  "(2)  The advice of an attorney admitted to practice in a state other than that in which the proceedings are brought,

given under the conditions stated in Subsection (1), is conclusive of the existence of probable cause if the client reasonably believes that the attorney is competent to form a reliable opinion as to the law of the state in which the proceedings are brought."

Fact questions about good faith, full disclosure and reason to conduct additional investigation will commonly remain for jury decision. *Lampos v. Bazar, Inc., supra,* 270 Or at 271: Restatement (Second) Torts, § 666, *comment g* (1977). When the jury decides those questions favorably to the defendant, the defense has been established, and the jury should be instructed that those facts constitute probable cause. *See Gustafson v. Payless Drug Stores, supra,* 269 Or at 357-58.

In this case the trial court essentially told the jury that it could find that defendant sought advice of counsel in good faith, made a truthful disclosure of all material facts known or discoverable by the accuser with reasonable diligence and in good faith, in reliance on counsel's advice commenced the criminal prosecution, but that it could nevertheless find that defendant brought the prosecution without probable cause. The vice of the instruction is that it permitted the jury to resolve favorably to the defendant all of the issues that establish probable cause as a matter of law and yet decide that those facts provided no defense.

**BUTTLER, P. J.,** concurring in part; dissenting in part.

I concur with the conclusions reached by the majority, except the reversal of the judgment for malicious prosecution because of the trial court's instruction relating to defendants' reliance on the advice of counsel. I would affirm that part of the judgment, reverse the judgment on abuse of process and modify the judgment accordingly; therefore, I dissent.

The trial court instructed the jury:

"You're instructed that the defendant—you're instructed that where one fully, fairly and truthfully disclosed all of the pertinent facts of which he has knowledge or which he could obtain knowledge, with a reasonable diligence to his attorney and seeks the advice of his attorney in good faith and from honest motives, and then in good faith follows the advice of

his attorney and files a criminal charge for a proper purpose, then you as jury may find the advice of his attorney to be a defense to the charge that the action was brought without probable cause or that he brought it with malice."

Good faith reliance on the advice of counsel was first enunciated in Oregon in *Hess v. Oregon Baking Co.,* 31 Or 503, 515, 49 P 803 (1897), in which the court said:

> "* * * [W]here one seeking in good faith the advice of a public prosecuting officer about the commencement of a criminal prosecution, discloses to such officer all the facts and circumstances within his knowledge, or which he has reasonable ground to believe, relating to the offense, and is advised by that officer to institute the prosecution, *his defense of probable cause will be established* if he acted in good faith upon such advice, *even though there were other exculpatory facts which he might have ascertained by diligent inquiry.* He is bound to make a full and fair disclosure of all the material facts within his knowledge; and, *if he has reason to believe that there are other facts bearing upon the guilt or innocence of the accused,* he must either disclose that belief to the prosecuting attorney, or himself make inquiry to ascertain the facts in relation to the matter, but more than this he is not required to do. He is not required to institute a blind inquiry to ascertain whether facts exist which would tend to the exculpation of the party accused. If he honestly believes that he is in possession of all the material facts, and makes a full, fair, and candid statement of them to the prosecuting officer, and acts in good faith on the advice of that officer, he ought to be protected. * * *." (Emphasis supplied.)

That statement of the rule appears to have been followed, at least until *Lampos v. Bazar, Inc.,* 270 Or 256, 527 P2d 376 (1974). *See Drake v. Anderson,* 215 Or 291, 197-98, 334 P2d 477 (1959). *Hess* did not require a defendant to investigate further *unless* he had reason to believe that there were other facts bearing on the guilt or innocence of the accused. In *Lampos,* the court modified that rule[1] to conform

---

[1] In his concurring opinion, Judge Warren misunderstands the thrust of this dissent. I have no quarrel with that opinion's statement of the function of the court and jury. The problem is that neither the majority nor the concurring opinions make any effort to analyze *Lampos* to determine whether defendants' objection to the court's instruction was well taken. Unless we view all of the discussion in *Lampos* as a puff of smoke, that case changed the law on the right to rely on the advice of counsel.

to that stated in Prosser, *Law of Torts* 842, § 119 (4th ed 1971): When a reasonable person would investigate further before beginning the prosecution, he may be liable for a failure to do so. After accepting that statement of the rule, the court said:

"If defendant had a duty to make a further investigation before having plaintiff arrested, it would follow that in doing so without further investigation defendant acted without probable cause. As previously stated, the question of probable cause is a question of law for the court when the facts are undisputed. Upon application of the test as stated in Prosser to the undisputed facts of this case, as also previously stated, we believe that a reasonable man, acting under such facts as then known to Falk and Allen, would have made a further investigation before causing plaintiff to be charged with a felony." 270 Or at 269.

Having so stated, the court, nevertheless, went on to discuss the defendant's contention that its good faith reliance on the advice of counsel was conclusive on the issue of probable cause. The court said that it was a question of fact for the jury whether the defendant had made a full and fair disclosure to the district attorney of the facts known to it at that time, and concluded that part of the inquiry:

"If the jury found that Mr. Falk and Mr. Allen had made a full and fair disclosure to the district attorney defendant *might* have been relieved of any duty to make any further investigation of its own. * * *" 270 Or at 270. (Emphasis supplied.)

So far, the court seems to have said two distinct and possibly inconsistent things: (1) Under the undisputed facts in that case, the defendant had a duty to investigate further and, therefore, it acted without probable cause as a matter of law, because it did not do so. (2) With respect to the defendant's contention that it acted in good faith on the advice of counsel, if the jury could find that the defendant had made a full and fair disclosure to the district attorney, the defendant might have been relieved of any duty to make any further investigation of its own. It could be argued that both propositions cannot be valid. If, as a matter of law, the defendant had a duty to investigate further and did not do so, the court, which has the duty to determine whether the defendant had probable cause to initiate the criminal proceedings, would be required

to decide that the defendant had acted without probable cause as a matter of law. That proposition makes sense, regardless of the defendant's contention that it relied in good faith on the advice of counsel, because, obviously, if the defendant did not investigate further when it had a duty to do so, it could not have related additional facts that would have been discovered, and the defendant could not have made a full and fair disclosure to the attorney.

The possible inconsistency appears to be resolved by the court in discussing certain jury instructions which the defendant had assigned as error. The trial court had instructed the jury concerning the defendant's duty to make such an investigation as would have been made by a reasonably prudent person in the same or similar circumstances. The defendant's objection was that there was no duty to investigate. The court's response was that, under the undisputed facts of that case, as known to the defendant at the time it caused the plaintiff's arrest, a reasonable person would have made a further investigation before doing so; therefore, the instruction leaving that question to the jury was improper.

The trial court, after instructing on the duty to investigate, prefaced its instruction on the defendant's good faith reliance on advice of counsel with the statement: "If you find that the defendant made an investigation of the kind I have heretofore described to you * * *." 270 Or at 275. The defendant excepted to the prefatory phrase, contending again that there was no prior duty to investigate. The court's response was that, as a matter of law, a reasonable person under the circumstances of that case would have made a further investigation; however, if the defendant had made a full and fair disclosure to an attorney and had acted in good faith on the attorney's advice, it *may* have been relieved of any duty to make a further investigation. The Supreme Court held that the instruction was improper, because it gave the impression that a defendant must always make an investigation before he is entitled to rely on the advice of counsel, and said that it would have been preferable to instruct that further investigation is not necessary when the defendant informs the attorney of the state of his information and is assured that he

need not seek to learn anything more, citing Prosser, *supra,* at 843.[2]

The court in *Lampos* reversed a judgment for the plaintiff because of the instructions mentioned above. If the court had meant what it said when it stated that the defendant had a duty to investigate and that, because it had failed to do so, it acted without probable cause, the objectionable instructions would have been harmless. Therefore, the court must not have meant that. I believe that the net result of the rules relied on and the holding is that, even though the defendant had a duty to investigate further and did not do so, the jury could find that the defendant had relied in good faith on the advice of counsel after disclosing all of the material facts it had and was assured that it need not investigate further. I recognize that my attempted synthesis would mean that, even though the defendant did not, as a matter of law, have probable cause, it could avoid liability if an attorney assured it that further investigation was unnecessary. On the other hand, if there is no evidence that the attorney gave the defendant the required assurance, the advice of counsel is no defense, or at least may not be a defense.

If that is the rationale of *Lampos,* the rule as articulated in *Hess v. Oregon Baking Co., supra,* has been modified substantially.

In this case, the two complaints of plaintiff's alleged violations were solicited by the defendants, who were making a general investigation of plaintiff. The complaint from Guggenmos was triggered by a telephone call to defendant Sparks from one of her neighbors, who complained about some aspect

---

[2]The language quoted by the court is:

"*** [T]he defendant must have made full and fair disclosure to the attorney of everything within his knowledge and information which a reasonable man would regard as material for the attorney to know in order to give a sound opinion; and the failure to disclose any such information, or false statements to the attorney will prevent any justifiable reliance on the advice given. Some courts have gone further, and have required that the defendant use the diligence of a reasonable man to ascertain anything that he does not know before consulting counsel, but the prevailing view, which seems the better one, is that this is unncessary where he informs the attorney of the state of his information and is assured that he need not seek to learn anything more.'" *Lampos v. Bazar, Inc., supra,* 270 Or at 276.

of plaintiff's having drilled a well for her at about the same time that plaintiff had drilled a well for Guggenmos. We do not know what the neighbor's complaint was or what, if anything, developed from it. However, that call triggered Sparks' call to Guggenmos, in which he asked her when plaintiff had drilled her well. She said she would have to check her calendar, which she did, and then said that she "got water" on a certain date, which was during plaintiff's earlier suspension period.

Sparks testified that he understood that response to mean that plaintiff had hit water while drilling a well on that date and, therefore, he was drilling during his suspension period. At Sparks' request, she wrote on a slip of paper that plaintiff had started drilling her well "about October 3, 1981, and hit water on the 6th day of November." If plaintiff was drilling after November 1, he was in violation of his suspension. Immediately before that case was to be tried, she advised defendant that she had made a mistake, that the latter date was the date that she got water in her house. It is not clear whether either Sparks or Leeds made any further investigation of that matter, either by going over the facts with Guggenmos in person or by inquiring of plaintiff. At one point, Leeds indicated that he had called Guggenmos several times before issuing a citation; however, the information he got was quite confusing.

With respect to the Allen case, defendants had solicited a letter from Allen stating the manner in which plaintiff had grouted a wellhead for Allen's son. If the wellhead had been grouted as charged, it would have been a violation of the law. Although it is not clear from the record when defendants attempted to investigate that charge, the record reflects that they did, at some point, attempt to determine at the site of the wellhead whether it had been properly grouted, but had been driven away by mosquitoes. They did not return.

The only attorney who testified for defendants was the attorney assigned to the department. He testified that he advised defendants that they could proceed against plaintiff either civilly or criminally and that if they proceeded against him criminally, it would be their job to talk to the witnesses and give the information to the district attorney. He agreed

that, if defendants had failed to do that, they would not have been following his advice. Again, that testimony is not completely clear, except that it is clear that defendants were not assured that they need not investigate further; if anything, they needed to do more.

In my opinion, the undisputed facts establish that defendants had a duty to investigate the correctness of the facts contained in the brief, unsworn, unsubstantiated written statements before charging plaintiff with criminal acts. Not only was plaintiff required to face those charges, the mere filing of them resulted in the immediate suspension of his licenses. The two written statements that defendants had in their possession, if correct, indicated that plaintiff had violated the law in both cases. I have no doubt that an attorney, shown those letters and nothing more, would have advised defendants that criminal charges were appropriate. A reasonable person, however, would have investigated to determine whether the alleged facts were correct. Although there is some evidence of attempts to investigate, it was a jury question whether the investigation was reasonable under the circumstances. There is no evidence that defendants were assured by an attorney that they need not investigate further.

The instruction given included the requirement that one who claims to rely on the advice of counsel must disclose to his attorney all of the pertinent facts of which he has knowledge or of which he *could obtain* knowledge with reasonable diligence. In this case, that was appropriate, although not as complete as it should have been. It went on to instruct that, if that was done and if defendants in good faith followed the attorney's advice, then the jury *"may"* find the advice of the attorney to be a defense. Defendants' only objection to the instruction was that it should have said "must" instead of "may."

That objection is not well taken, if my understanding of *Lampos* is correct. The problem with the instruction is that it does not state that defendants were not required to investigate further if they were assured by the attorney that they need not do so. However, the instruction *permitted* the jury to find for defendants without their having been so assured, which I believe is more favorable to defendants than a correct

instruction would have been. Not only was defendants' objection not well taken, they were not prejudiced by the instruction that was given.

The jury found in favor of plaintiff on both the malicious prosecution and the abuse of process claims and assessed his total money damages in the amount of $75,000, which was not segregated between the two claims. Plaintiff agreed at oral argument that, if we reversed the judgment for abuse of process, it would be appropriate to reduce the judgment by $20,000, because his prayer in the abuse of process claim was for $20,000. Accordingly, I would reduce the judgment by that amount and remand for the entry of a judgment for $55,000.